The opinion of the court was delivered by
Valentine, J.:
This was an action brought by Ebenezer Morgan against the county commissioners of Clay county, to recover a certain sum of money claimed to be due him on account of the purchase of a supposed tax title, which he claims was in fact illegal and void. The nature of the case, and the facts upon which it was founded, will more clearly appear from the findings of fact made by the court below, which are as follows:
“1. That the lands described in the petition in this case were granted to the state of Kansas by the United States under the provisions of the eighth section of the act of congress approved September 4, 1841, entitled ‘An act to appropriate *230 the proceeds of the public lands, and to grant preemption rights.’
“2. That October 21, 1868, said lands were sold by the state of Kansas to one LeGrand Byington, under the provisions of an act of the legislature of the state of Kansas entitled ‘An act providing for the sale of public lands to aid the construction of certain railroads,’ approved February 23, 1866. (Comp. Laws of 1879, p. 780.)
“3. At the date of the sale to Byington he paid one-half of the purchase-money for said lands, and no further payments have been made by him or by anyone on his behalf, said one-half of the purchase-money being all that has ever been paid.
“4. That said lands were sold to the plaintiff May 3,1870, for the taxes then due on said lands, the same being for the taxes of the previous year.
“5. That a tax deed was made to plaintiff June 4, 1873, for said lands, said tax deed and the proceedings prior thereto being regular.
“6. That plaintiff paid for his tax receipt as the purchase-money of said land at said tax sale and in subsequent taxes, the sum of $644.84, being all the taxes assessed against said lands for the years 1869, 1870, 1871, 1872, 1873, 1874. The state tax of 1869 being paid at the time of the sale of lands for taxes, and the taxes of 1870, 1871 and 1872 being paid as they fell due and before the issuing of the tax deeds, and the tax of 1873 and 1874 being paid March 27th, 1873, and March 19, 1875, since which time, to wit, 1874, plaintiff has paid no taxes on said land, and no taxes have been levied or assessed on said land since 1874.
“7. That on the 8th day of April, 1879, it came to the knowledge of the plaintiff that said lands had never been patented by the state, and on the 7th day of July, 1879, he appeared before the commissioners of the county and demanded of them that they refund to him said sum of $644.84, with interest at the rate of ten per cent, per annum, which demand they refused, but directed plaintiff to make a quitclaim deed of said lands to the county clerk of said county, which plaintiff did, and delivered the same to said clerk on the 5th day of December, 1879, and demanded of the county treasurer of said county and of the county commissioners of said county said sum of $644.84, with interest as aforesaid, which demands were refused.
“8. That the amount of interest on said $644.84, at the *231 rate of ten per cent, per annum, at the date of the demand, was $441.91.”
As conclusions of law from the foregoing facts, the court found as follows, basing its conclusions mainly on the case of Oswald v. Hallowell, 15 Kas. 154:
“1. That said lands were properly taxable in 1869, at the" time the taxes were levied on them for which they were sold. Plaintiff excepted to this finding.
“2. That they were taxable at the'time they were sold for taxes. Plaintiff excepted to this finding.
“3. That plaintiff has no cause of action against the defendant. Plaintiff excepted to this finding.”
Upon the foregoing findings the court below rendered judgment in favor of the defendant and against the plaintiff; and the plaintiff now, as plaintiff in error, brings the case to this court.
We think the decision of the court below is correct; and we think the decision follows from the cases of Oswald v. Hallowell, 15 Kas. 154, and Prescott v. Beebe, 17 Kas. 320. When Byington purchased the land, he obtained an equitable interest therein, which was taxable, and there was no provision in the law for his forfeiting this interest. Of course a failure for a long time to pay the purchase-money might work a forfeiture; but the statute itself does not provide for any forfeiture; and when Morgan purchased the property at tax sale, and obtained his tax deed, he obtained just such interest in the property as Byington had.
The judgment of the court below will be affirmed.
All the Justices concurring.