THE BOARD OF REGENTS OF THE KANSAS STATE AGRICULTURAL COLLEGE V. J. B. HAMILTON, *Treasurer of Saline County.*

1. STATE PROPERTY, *Exempt from Taxation.* Under subdivision 5, ¿ 3, ch. 107, Comp. Laws 1879, whatever properties in fact and equitably belong wholly to the state, are exempt from taxation, no matter in what person or body the legal title may temporarily be located.

2. AGRICULTURAL COLLEGE, *Wholly a State Institution.* The agricultural college is wholly and absolutely a state institution, and though by ¿ 3 of ch. 3, Comp. Laws 1879, the board of regents is created a body corporate, yet the college is purely a state institution, whose control is fully and absolutely with the state, wherein no private rights are vested, and whose properties are subject to absolute state control.

3. STATE PROPERTY, *Not to be Taxed.* Where, out of the funds arising from the sale of lands donated to the state by virtue of the act of congress approved July 2, 1862, a loan is made to an individual on note and mortgage, and by reason of the default of such mortgagor and his insolvency such mortgage is foreclosed, and the mortgaged property bid in by the college, and the title taken in its name, *held,* that after such sale the real estate thus mortgaged to and owned by the college becomes equitably and in fact the property of the state, and exempt from taxation.

*Error from Saline District Court.*

INJUNCTION brought by the *Board of Regents* against *J. B. Hamilton,* as treasurer of Saline county, to perpetually restrain the defendant, and his clerks, deputies, and successors in office, from selling or attempting to sell certain lands for taxes. Trial at the May Term, 1881, of the district court, and judgment for the defendant. The plaintiff brings the case here. The facts appear in the opinion.

*A. L. Redden,* for plaintiff in error.

*John G. Spivey,* and *H. S. Cunningham,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The facts in this case are as follows: The congress of the United States, by an act approved July 2, 1862, granted to the state of Kansas 90,000 acres of land for the endowment, support and maintenance of an agricultural college. The state of Kansas accepted this grant by a joint resolution approved June 2, 1863, (Comp. Laws 1879, p. 80,) organized the Kansas State Agricultural College, and provided that these 90,000 acres of land should be used solely for the endowment of said college. (Compiled Laws 1879, pp. 81, 83, §16.) Authority was given by the state legislature for the sale of these lands, and for the investment of the proceeds of the sales in notes secured by mortgage on real estate. In pursuance of this authority the authorities of the college loaned a sum of money on note and mortgage. The mortgagor failing to pay, the mortgage was foreclosed, and no one else bidding and the mortgagor being insolvent, the mortgaged premises were bid in by the college authorities.

The act establishing the college provides for its government by a board of regents, and creates such board a body corporate. (Comp. Laws 1879, pp. 81, 82, §§ 2, 3.) The note was taken in the name of this body corporate, the foreclosure was in its name, and the title to the mortgaged property at

the time of its purchase was taken in its name. After title had been thus acquired, the property was leased and the rent appropriated to the use of the college. Subsequent to this purchase, and while the title was still in the college corporation, the authorities of the county of Saline, the county in which the property was situate, listed said property for taxation, and levied upon it the ordinary state, city and county taxes. The single question presented in this case is, whether this property, subsequent to its purchase at such foreclosure sale by the college authorities, was subject to taxation. The district court held that it was, and in this we think it erred. Subdivision 5 of § 3 of ch. 107, Comp. Laws 1879, p. 938 provides that "All property belonging exclusively to this state or to the United States" shall be exempt from taxation. It will be noticed that this subdivision refers to actual ownership, and not to the mere location of the legal title. The controlling question in matters of taxation is, who in fact owns the property, and not where rests the mere legal title. Thus, though the legal title to real estate remained in the United States, yet if in fact a full equitable title had passed, the land unquestionably would be subject to taxation. The mere failure or delay in transferring the legal title by issue of a patent would not affect the state's right to tax. (*Comm'rs of Douglas Co. v. Rld. Co.*, 5 Kas. 615; *K. P. Rly. Co. v. Culp*, 9 Kas. 47.) The question then is, who really and equitably owned this land? Unhesitatingly we affirm, the state. The Kansas state agricultural college is a state institution; it is absolutely and exclusively under the control of the state; its properties belong to the state. It is true that to-day the state has created the board of regents into a body corporate, but to-morrow it may set aside this body corporate and place the control of the properties in any other board or organization. No private rights intervene. It is purely and solely a matter of state and public control. The state created a body corporate, but why, we cannot say. In regard to certain state institutions, why it did the same—as for instance the state university, (Comp. Law 1879, ch. 115;) why it

omitted to do so as to the normal school, (Comp. Laws 1879, ch. 70,) as to the state penitentiary, (Comp. Laws 1879, ch. 77,) — we do not know. We cannot determine why in the one instance it provided for the organization of a body corporate, and in the other instance, not. It is enough for the purposes of this case, to know that the state is the absolute owner and controller of the institution and its properties, and the mere manner in which it executes the trusts reposed in it by the act of congress, or disposes of the public property vested in it, is for the purposes of this case entirely immaterial. It is enough to know that the properties are the properties of the state; and while to-day it may place the control of such properties in the hands of one party, to-morrow it may place such control in the hands of another. It is in fact the property of the state, and subject to its absolute and unlimited control. This agricultural college has been the subject of repeated appropriations. (Laws 1864, ch. 90; Laws 1867, ch. 2; Laws 1872, ch. 58; Laws 1875, ch. 16; Laws 1877, ch. 22; Laws 1881, ch. 4.) And these various appropriations only serve to make more emphatic what is already clear by the language of prior acts, and that is, that the Kansas agricultural college is absolutely a state institution. This agricultural college is not a private college, nor a mere institution organized under the general corporation laws, whose existence the state by virtue of its control over the general corporation laws controls, but is on the contrary a mere instrument created directly by the state, and by which it manages the properties conveyed to it by the United States. It is in fact simply an arm by which the state holds and controls the properties given to it by the United States. Under these circumstances, its properties are the properties of the state, and therefore exempt from taxation. The exemption of this property is not under subdivision 4 of § 3, above cited, for that refers to mere sectarian and private corporations, all of whose moneys and credits are exempt from taxation, provided the institutions are benevolent and charitable institutions; but the exemption is under subdivision 5, heretofore quoted, by which

all properties of the state (and by this is meant all properties which in fact belong to the state) are exempt from taxation. Authorities are not wanting upon this question. See the *Board of Trustees v. Champaign Co.*, 76 Ill. 184, a case which is on all fours with the case at bar, and in which the supreme court of Illinois held the property exempt from taxation. See also the case of the *City of Chicago v. The People, ex rel.*, 80 Ill. 384. Our conclusion therefore is, that this real estate, belonging absolutely to the agricultural college, which is wholly and purely a state institution, and whose properties are in fact and equitably the properties of the state, is exempt from taxation. Therefore the judgment of the district court sustaining the demurrer is erroneous, and should be overruled.

The case of *Oswalt v. Hallowell*, 15 Kas. 154, in no manner conflicts with this decision. In that case the title to the land had passed to an individual, and the state occupied simply the position of an equitable mortgagee, and in such case, in the absence of express provision to the contrary, the mortgagor's interest, like any other property, was subject to taxation. In the present case there is no relation of mortgagor and mortgagee; that ceased at the time of sale, and to-day the full ownership and control of the property are vested in the college, which is merely the hand of the state for the management of its properties, and therefore its properties are exempt from taxation.

The judgment of the district court will be reversed, with instructions to overrule the demurrer.

All the Justices concurring.