J. J. DURKEE V. THE BOARD OF COMMISSIONERS OF GREENWOOD COUNTY, *et al.*

COUNTY PROPERTY, *Exempt from Taxation.* Where real estate is conveyed for the exclusive use of the county to such county by a defaulting county treasurer in part payment of his indebtedness, such property, so long as the legal title is vested in the county and the premises are not in use for other than county purposes, is exempt from taxation.

### Error from Greenwood District Court.

ACTION brought by the *Board of Commissioners of Greenwood County* against *Torrence* and others, to foreclose a certain mortgage. Trial at the August Term, 1882, of the district court, and judgment for plaintiff. The defendant *Durkee* brings the case here. The opinion states the facts.

*S. A. Martin*, and *Clogston & Fuller*, for plaintiff in error.

*Z. Harlan*, county attorney, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are as follows: In 1874, one A. F. Nicholas was owner in fee simple of the land in controversy; on July 30, 1874, he was indebted to Greenwood county in the sum of $25,000, because of his default as county treasurer thereof in that sum. On said July 30, in part payment of that sum, he conveyed the land in controversy, with other lands, to Greenwood county. On April 13, 1877, Greenwood county, by its board of county commissioners, conveyed by deed of general warranty the land to one J. S. Torrence. To secure the payment of the purchase-money of the land, Torrence and wife executed and delivered to Greenwood county the mortgage deed sued on, which was recorded May 25, 1877. Ever since said April 13, J. S. Torrence has been and is now in possession and occupancy of the land; the land was taken by the county of Greenwood for the sole purpose of securing, to the extent of its value, the indebtedness of the defaulting treasurer, A. F.

Nicholas, and has never been used for any purpose except as hereinafter stated. The county clerk of Greenwood county placed the tract of land on the tax roll for 'the year 1877 for assessment, extended the tax thereon, and placed the tax roll in the hands of the treasurer of the county for the collection of the taxes. The taxes so charged against the tract of land for the year 1877 remaining unpaid, the treasurer of the county, on the 3d day of September, 1878, for want of other bidders sold the land to the county for the tax, penalties and charges alleged to be due thereon for the year 1877. The subsequent taxes, charges and penalties assessed against the land for the years 1878, 1879 and 1880, remaining unpaid, were by the treasurer of the county charged back to the tax sale of 1878, made for the taxes, charges and penalties of the year 1877. On the 10th day of August, 1881, J. J. Durkee took an assignment of the tax-sale certificate on the land, paying therefor to the treasurer of the county the sum of $126.38; on the 5th day of September, 1881, the county clerk of the county executed and delivered to Durkee a tax deed for the tract of land sold at the tax sale of 1878; on the 14th day of December, 1881, Durkee paid to the treasurer of the county the sum of $22.70 in full for the taxes on the land for the year 1881. The assessment and tax proceedings on the land were all regular, and in compliance with the tax laws, if the land was subject to taxation for the year 1877.

Upon these facts the trial court found as conclusions of law that from the 30th day of July, 1874, to the 13th day of April, 1877, the land was the exclusive property of and belonging to Greenwood county; that the land was not subject to taxation for the year 1877; that the sale of the land on the 3d day of September, 1878, for the taxes of 1877, was void; that the tax deed based upon that sale was void; that J. J. Durkee has no right, title or interest whatever in the land, and had not any right, title or interest therein at the commencement of this action. Plaintiff in error (defendant below) excepted to the conclusions of law and the judgment rendered thereon, and contends that the land was subject to

taxation for 1877, and that the tax deed of the 5th of September, 1881, to Durkee, vested in him an absolute estate in fee simple to the land. We think otherwise. At the time the land was listed for taxation in 1877, it was not taxable under the sixth subdivision of § 3, ch. 107, Laws of 1879, and § 1, art. 11 of the state constitution. (*Board of Regents v. Hamilton*, 28 Kas. 376.)

In accepting the land, the county authorities were not going into the real-estate business for speculative purposes, or to use the same for other than county purposes. Therefore, as the property was taken to satisfy a debt due to the county, and was taken and used exclusively for county purposes, it was exempt from taxation. In *Washburn College v. Comm'rs of Shawnee County*, 8 Kas. 344, the property taxed was acquired for the sole purpose of erecting the permanent buildings of the college thereon, but it was not used for that purpose, or for any actual use of the college. Here the property was taken to secure a debt; and while not in actual use, in the way of cultivation or with public buildings, nevertheless it was held for the use of the county, and exclusively for the county, and when sold the proceeds were for the use and benefit of the county. (See *Board of Regents v. Hamilton*, supra.)

Counsel for plaintiff further contend that Greenwood county could not and did not own the land in question in 1877, for the reason that the legislature had conferred no power upon the county to hold land, and therefore that the deed of A. F. Nicholas to Greenwood county of the date of the 30th of July, 1874, was void. Not so. Sec: 1, ch. 25, Comp. Laws of 1879, permits counties to purchase and hold personal and real estate for the use of the county, and to make all contracts and do all other acts in relation to the property and concerns of the county necessary to the exercise of its corporate or administrative powers. The county treasurer being in default and failing to pay moneys due the county, it appears from the facts that the county accepted the land in part payment of moneys due it. It is not shown that the county could

have otherwise collected the moneys from its county treasurer or from his bondsmen; and it may be that the only recourse the county had to recover anything from its defaulting county treasurer, was by accepting the lands conveyed to it by Nicholas.

The judgment of the district court will be affirmed.

All the Justices concurring.