# White *v.* Alabama Insane Hospital.

*Action against Alabama Insane Hospital for Damages for Personal Injuries.*

1. *Alabama Insane Hospital; mere agency of State in administration of governmental affairs.*—The Alabama Insane Hospital established under an act of the legislature solely for a public charitable purpose is an arm or agent of the State government.

2. *Same; same; can not be sued for tort.*—Although the act of the General Assembly incorporating the Alabama Insane Hospital provides in general terms that such corporation may be

[White v. Alabama Insane Hospital.]

sued, such provision is not sufficient authority to authorize such corporation to be sued in an action of tort to recover damages for personal injuries sustained by one of its employees.

APPEAL from the County Court of Tuscaloosa.

Tried before the Hon. JAMES J. MAYFIELD.

This is an action brought by the appellant, James White, for damages for injuries alleged to have been sustained by the plaintiff in an accident occurring at the coal mines operated on the premises of the defendant for the purpose of furnishing fuel to the hospital.

The complaint charges in different counts several acts of negligence. The defendant filed demurrers, all of which were overruled by the court except the first ground, which set up that the defendant was not liable in damages for the alleged negligence because it is a State institution, established exclusively for a public charitable purpose, viz., the care of the insane of the State, maintained and supported by direct appropriation of the State's moneys, having no stockholders and not being organized, maintained or operated for the pecuniary benefit of its board of trustees or any other persons. The court sustained this ground of demurrer. The plaintiff then amended his complaint and to the amended complaint the defendant refiled the demurrers which it had filed to the original complaint. The action of the court upon these refiled demurrers was the same as it had been upon the originals, viz., the first demurrer was sustained and all the others overruled. The plaintiff declining to plead over, judgment was entered for the defendant, and this appeal is taken from that judgment.

HENRY A. JONES and ROBISON BROWN, for appellant. The defendant in this case is such a corporation as can be sued in an action like the present. The act of incorporation provides that it may be sued.—*Williamson v. Industrial School*, 23 L. R. A. 200; *Glavin v. Rhode Island Hospital*, 34 Am. Rep. 675; *Hearns v. Waterbury Hospital*, 31 L. R. A. 224.

[White v. Alabama Insane Hospital.]

FOSTER & OLIVER and ORMOND SOMERVILLE, *contra.*—
A corporation established by the legislature solely for
a public charitable purpose, is but an arm or agency of
the State government, its trustees and officers are pub-
lic officials engaged in the discharge of public duties
which involve the exercise of the sovereignty of the
State, and it is not liable in damages for the negligence
of its officers and servants, or for failure to select compe-
tent servants.—*Perry v. House of Refuge,* 52 Am. Rep.
495; *Benton v. Trustees City Hospital,* 54 Am. Rep.
436; *Maximilian v. Mayor,* 20 Am. Rep. 468; *McDonald
v. Mass. General Hospital,* 21 Am. Rep. 529; *Downs v.
Harper Hospital,* 45 Am. St. Rep. 427; note to *Goodard
v. Inhabitants of Harpswell,* 30 Am. St. Rep. 402; note
to *Little v. Boyd,* 29 L. R. A. 378; *Williams v. Indus-
trial School,* 23 L. A. R. 200; *A'Hern v. Agricultural So-
ciety,* 24 L. R. A. 655; *Pettingill v. Chelsea,* 24 L. R. A.
426; *Ford v. School District,* 1 L. R. A. 607; *Fire Insur-
ance Patrol v. Boyd,* 1 L. R. A. 417; *Hughes v. County
of Monroe,* 39 L. A. R. 33; *Maia v. State Hospital,* 47 L.
R. A. 577; *Hears v. Waterbury Hospital,* 41 L. R. A.
224; *Moody v. State Prison,* 52 Central Law Journal,
426.

TYSON, J.—This action is brought under section
1749 of the Code, known as the Employer's Liability
Act, to recover damages for personal injuries.    The
complaint contains a number of counts.    Objection was
taken by demurrer to each of them on the ground that
the defendant is a State institution established exclu-
sively for a charitable purpose, which was sustained by
the trial court.    Confessedly, if the defendant is a mere
agency of the State in the administration of its govern-
mental affairs, the action is substantially one against
the State.

There is a clear distinction between that class of in-
corporated institutions belonging and controlled by the
State and private incorporations, in the fact that the
only property interest vested in the former belonged to
the State.    So, too, there is a distinction between this

class, of incorporations and municipal corporations. Note on p. 378 of 29 L. R. A.

The power of the State to create a body corporate as its agent to carry on certain special kinds of work for its benefit or for the public interest can not be doubted. And where this power is exercised the institution thus established is in every sense a State institution and belongs to the State, although managed and its affairs administered under the supervision of trustees of the body corporate created for that purpose. Who doubts the right of the State to create a corporation for the management of an insane hospital, or a deaf and dumb asylum, or an institution of learning? And where they are created, who has the property interest in these institutions? Clearly the State. In the exercise of its right of sovereignty it established them for public purposes; it donates the property or the funds to purchase it upon which they are built, supplies the means by which they are maintained and operated. They have no capital stock, or shares held by individuals. Indeed, they have no membership or stockholders. They are not created for profit, but solely as public benefactors, the beneficiaries being the people who compose the State. Should the State, through its legislative department, see fit to repeal the act of incorporation and provide some other or different agency or trustee to manage and control such an institution, where is the obstacle in its doing so? It would clearly violate no contractual obligation or otherwise infringe upon the property rights of any person, for no individual has any personal pecuniary interest in the incorporation as such; therefore, no right to complain of its destruction.

Not even the trustees appointed under the act incorporating the defendant would be pecuniarily affected by a repeal of its charter. No compensation is allowed them for the services they are to render, and they otherwise have no special pecuniary interest either in the continued existence of the corporate entity they represent or its welfare as a going concern.

A mere cursory reading of the act establishing the defendant, and of the statutes passed since, will suffice to

show, without going into details, that it is a mere state agency created for the purpose of and caring for and treating the unfortunate insane citizens of the State— a purely governmental function, wise and beneficial.— Acts, 1851-52, p. 10; §§ 1041, *et seq.* of the Code, 1867; §§ 1470 *et seq.* of the Code 1876; §§ 1229 *et seq.* of the Code 1886; §§ 2544. *et seq.* of the Code 1896; Acts, 1900-01, p. 358. As sustaining this conclusion, see *Auditor General v. Regents of the University of Mich.*, 83 Mich. 467; 10 L. R. A. 376; *Williamson v. Louisville Industrial School,* 95 Ky. 251; 23 L. R. A. 200; *A'Hern v. Iowa Agricultural Society,* 24 L. R. A. 655; *Oklahoma Agricultural and Mechanical College v. Willis,* 40 L. R. A. 677; *Lane v. Minn. State Agricultural Society,* 29 L. R. A. 708; *Ill. Industrial University v. Campaign Co.,* 76 Ill. 184; *Agricultural College v. Hamilton,* 28 Kan. 376; *Tulane Educational Fund v. New Orleans Board, etc.,* 38 La. Ann. 262; *Donavan v. N. Y. Board of Education,* 85 N. Y. 117; *Maia v. Eastern State Hospital,* 97 Va. 507; 47 L. R. A. 577; *Moody v. State Prison,* 128 N. Ca. 12.

This brings us to a consideration of the question whether the act incorporating the defendant authorized this character of suits to be maintained against it.

It is true the act provides in general terms that it may be sued. But if legislative competency be conceded to exist to grant such an authorization, this one is insufficient as a grant of authority that it may be sued for every tort that may be committed by the officers, agents or servants. This question is ably discussed and fully considered in the cases of *Maia v. Eastern State Hospital,* and *Moody v. State Prison,* cited above, in each of which the conclusion is reached that a general authorization, like the one pointed out above, is not sufficient authority to sue in this class of cases. We fully concur in that conclusion. See also *Askew v. Hale County,* 54 Ala. 639, 642.

Whether the legislature had the power in view of § 15 of the Declaration of Rights (Const., 1875), to auth-

orize the defendant to be sued at all is a question upon which we express no opinion.   See *Comer v. Bankhead,* 70 Ala. 496-7.

Affirmed.