United Security Life Insurance, Etc., Co., Appellant, *v.* Brown (No. 2).

*Life insurance—Insurable interest—Life of employee—"Manager"—Question for court.*

1. There is no implied interest in the life of an employee justifying the issuance of a policy for the benefit of an employer.

2. To sustain such a contract, it must further appear that there is a real concern in the life of the party named, whose death would be the cause of substantial loss to those who are named as beneficiaries. This does not follow the cessation of ordinary service, but arises where the success of the business is dependent on the continued life of the employee.

3. The description of the person insured merely as "manager" of the beneficiary, is not sufficient to show an insurable interest.

4. The burden of proving insurable interest in such case is on the beneficiary.

5. If the evidence showing the relationship of the parties is not disputed, it is for the court to say whether an insurable interest exists.

Argued February 21, 1921. Appeal, No. 3, Jan. T., 1921, by plaintiff, from judgment of C. P. Lackawanna Co., March T., 1917, No. 745, on verdict for defendant, in case of United Security Life Insurance & Trust Co. of Penna. v. George W. Brown. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Scire facias sur mortgage. Before MAXWELL, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

The court gave binding instructions for defendant. Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned,* among others, was above instruction, quoting it,

*Howard H. Yocum,* of *Biddle, Paul, Dawson & Yocum,* and *A. A. Vosburg,* with them *Knapp, O'Malley, Hill & Harris,* for appellant.—The contract in the case at bar, on its face, discloses an insurable interest of the beneficiary in the life of the insured: Sauer v. McKees Rocks School Dist., 243 Pa. 294; Carpenter v. U. S. Life Ins. Co., 161 Pa. 9.

*Clarence Balentine* and *R. L. Levy,* for appellee.

OPINION BY MR. JUSTICE SADLER, April 18, 1921:

Most of the questions raised in this appeal have been discussed in passing upon a similar dispute between the same parties (U. S. L. I. & T. Co. v. Brown, the preceding case). There, a nephew was named as the insured, though the policy was issued at the request and for the benefit of Brown; here, the risk was upon the life of Thomas Howes, and the application for the insurance, the bond and mortgage executed by Brown, as well as the agreement referred to, designate him as "manager of storage house." That his employment in this capacity was by Brown is not specifically set forth, though doubtless such was the fact. It is insisted that the description indicates an insurable interest in his life which differentiates the case from the one referred to.

"An insurable interest is not necessarily a definite pecuniary interest, such as is recognized and protected at law; it may be contingent, restricted as to time, or indeterminate in amount, but it must be actual, such as will reasonably justify a well-grounded expectation of advantage dependent upon the life insured, so that the purpose of the party effecting the insurance may be to secure that advantage, and not merely to put a wager upon human life": Corson's App., 113 Pa. 438. See, also, 25 Cyc. 703; 1 Cooley, Briefs on Insurance, 282; 2 Joyce on Insurance, sections 887, 894A. "In all cases there must be a reasonable ground, founded upon the relation-

ship of the parties to each other, either pecuniary, or of blood, or affinity, to expect some benefit or advantage from the continuance of the life of the assured": Warnock v. Davis, 104 U. S. 779.

The question of the insurable interest of the employer in the life of the employee, or of the corporation in its officers, though not the subject of discussion in Pennsylvania, has been considered in other jurisdictions, where it is held that there is no implied interest in the life of such person justifying the issuance of a policy for the benefit of the employer: Victor v. Louise Cotton Mills (N. C.), 16 L. R. A. (N. S.) 1020. Cf. Tate v. Bldg. Assn., 97 Va. 74. To sustain a contract of this character, it must further appear that there is a real concern in the life of the party named, whose death would be the cause of substantial loss to those who are named as beneficiaries. This does not follow the cessation of ordinary service, but arises where the success of the business is dependent on the continued life of the employee. In the latter case the insurance contract will be upheld: Mutual Life Ins. Co. of New York v. Board, Armstrong & Co., 115 Va. 836; Keckley v. Coshocton Glass Co., 86 Ohio 213; Mechanics National Bank v. Comins, 72 N. H. 12. An examination of Carpenter v. U. S. Life Ins. Co., 161 Pa. 9, 16, cited by appellant, will show this qualification of financial interest to have been in the mind of the court, though the broad statement, unnecessary to the determination of the case, is there made that an insurable interest in the life of a manager exists.

On the face of the writings offered by plaintiff, Howes was called a manager, but the record is barren of any suggestion that his continued employment was necessary to the profitable operation of the work in which he was engaged, and that Brown had any pecuniary interest in holding him in his service. The burden of proving this fact was upon the plaintiff, and this obligation it failed to meet. The evidence showing the relationship of the parties was not disputed, and under such circum-

stances it was for the court to say whether an insurable interest existed: Ulrich v. Reinoehl, 143 Pa. 238. Binding instructions for the defendant were given, and in so doing the court committed no error, and the assignments of error are overruled.

The judgment is affirmed.