(118 So. 745)

### ENGLEBERT v. VERNER et al.
### (6 Div. 225.)

Supreme Court of Alabama.   Nov. 22, 1928.

Clarkson & Penick, of Tuscaloosa, for appellant.

Harwood & McQueen, of Tuscaloosa, for appellees.

SAYRE, J.   By his bill in this cause appellant sought to enjoin that action of the board of trustees of the "Alabama Insane Hospitals" by which the board proposed to insure the life of Superintendent Dr. Partlow at an annual cost of $10,000, to be paid out of funds appropriated to the use of the hospitals, the amount of the indemnity, when matured, to be paid to the board for the use of the hospitals. The trial court sustained the board's demurrer to appellant's bill after which this appeal.

The brief for appellees is confined to an argument of the proposition that the Insane Hospitals, represented by the board, has an insurable interest in the life of Dr. Partlow. To this proposition cases are cited, in which numerous courts have held that business corporations have an insurable interest in the lives of their presidents, general managers, or other officers charged with important duties. Such contracts are held not to be offensive to that public policy which denounces mere wager policies. The adjudicated cases are cited to the text of 32 Corpus Juris, 1110. This court, in Continental Fire Ins. Co. v. Brooks, 131 Ala. 618, 30 So. 877, quoted May on Insurance as follows:

"Whoever * * * may fairly be said to have a reasonable expectation of deriving pecuniary advantage from the preservation of the subject-matter of insurance"—in this case, the life of Dr. Partlow—"whether that advantage inures to him personally or as to the representative of the rights or interests of another, has an insurable interest."

That statement of the law has more than once been approved by this court, as will appear by reference to American Ins. Co. v. Newberry, 215 Ala. 588, 112 So. 195.

Concerning the interest of a private corporation in the continued life of its officers, the authorities hold that:

"An insurable interest is not necessarily a definite pecuniary interest, such as is recognized and protected at law; it may be contingent, restricted as to time, or indeterminate in amount, but it must be actual, such as will reasonably justify a well-grounded expectation of advantage dependent upon the life insured, 'so that the purpose of the party effecting the insurance may be to secure that advantage, and not merely to put a wager upon human life." United Security Life v. Brown, 270 Pa. 270, 113 A. 446, where the authorities are cited.

The loss against which indemnity may be provided by a policy of life insurance "does not follow the cessation of ordinary service, but arises where the success of the business is dependent on the continued life of the employé. In the latter case the insurance contract will be upheld." 270 Pa. 272, 113 A. 446.

Appellee board is invested with the power and duty to manage and control the public corporation known as "Alabama Insane Hospitals"; but, so far as concerns the matter here in controversy, the functions and powers of the board are not more narrowly defined in the statute of its creation. Code, c. 34, § 1423 et seq. The statute declares that the corporation is established "for the care and treatment of insane persons of this state." It has no capital stock; it is created to serve the purpose of a public benefaction; the beneficiaries are all the people of the state; the trustees have no special pecuniary interest in the continued existence of the corporate entity, or in its welfare as a going concern; it is a state agency, created to perform a purely governmental function. White v. Alabama Insane Hospital, 138 Ala. 479, 35 So. 454. There is no language in the statute directed to the particular point at issue. The power sought to be exercised must be found, if at all, in the reasonable implications of the statute to which we have referred, or in the statute appropriating funds to the use of the institution, viz. section 1463 of the Code, the pertinent language of which is:

"For the support, maintenance, repairs and improvement of the Alabama Insane Hospitals, a sum regulated by the board of trustees, not to exceed five dollars a week, shall be paid monthly every year by the state for every one of all the indigent and criminal patients that the superintendent certifies were present in the hospitals on the last day of the preceding month."

Patients who are able to pay are charged a like sum by the month. Code, § 1473. Certainly there is no hint in all this of a purpose to provide for the expenditure proposed by the board in this case as a necessary or proper use of the money appropriated. The appropriation is evidently designed to meet current expenses, and not the expense of paying the cost of an investment which, if annual premiums be paid, will mature 20 years hence. That Dr. Partlow's continued life and service furnish considerations of great value to the state is freely conceded. But the investment proposed will not add a day to the term of his life or service, while, as for what will follow the end of them, his place must be filled by another, whose abilities, like Dr. Partlow's, are not to be measured in terms of the market place. In other words, the proposed contract partakes in large part of the elements of a wager, which the authority to manage and control cannot be made to cover, nor can it be said that the law of the appropriation contemplates the increase to the state or paying patients of the cost necessary to provide the money—by no means inconsiderable—with which to purchase the contract in question. In sum, our conclusion is that the proposed contract involves a wager which cannot be justified on any reasonable construction of the relevant statute law. The necessary further conclusion is that the demurrer to appellant's bill should have been overruled.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.