### WHITE v HOOSIER CASUALTY CO

Ohio Appeals, 6th Dist, Lucas Co

No 2624. Decided March 7, 1932

Carl A. Brandes and Fritsche, Kruse & Winchester, Toledo, for plaintiff in error.

Cornell Schreiber, Toledo, and Foster E. Spence, Toledo, for defendant in error.

WILLIAMS, J.

An automobile is commonly defined to be a self-propelled vehicle suitable for use on a street or roadway and, as the language of the policy would be most strongly construed against the insurance company, the word "automobile" as used in this policy would include a truck.

The defendant in error contends that no liability arises for two reasons. First, that there was no insurable interest and, second, that the truck was recklessly operated in violation of the terms of the policy and that the truck was used without the consent of the owner, in violation of law, and that under the provisions of the policy the insurance was thereby invalidated. These questions will be discussed in their order.

The plaintiff below offered in evidence the policy signed by the duly authorized agent of the insurance company. This instrument recites on its face that the application, a copy of which is endorsed thereon, is made a material part thereof. The application states that the beneficiary is the

creditor and employer of the insured. The facts recited in the application would constitute an admission on the part of the insurance company and would be some evidence tending to show that Earl A. White was creditor and employer of Loris Spade. An employer would not have an insurable interest in the life of his employe unless it appeared that his continued employment was necessary to the profitable operation of the work in which he was engaged and that his death would result in substantial loss to his employer.

37 C. J., 397;

113 Atl., 446.

No evidence was adduced tending to show the nature of the employment, and to show merely that the employment existed was not sufficient. On the other hand, a creditor has an insurable interest in the life of his debtor.

38 C. J., 1111, §204;

14 R. C. L., 924, §101.

As there was evidence tending to show that the relation of debtor and creditor existed between insured and beneficiary, it was not proper for the trial court to direct a verdict for the defendant upon the ground that there was no evidence tending to show an insurable interest.

The second contention is that the truck was being driven in a reckless manner and in violation of law without the consent of the owner contrary to the provisions of the policy which reads as follows:

"The insurance hereunder does not extend to nor cover any loss sustained:

(9) If the automobile of which the insured is an occupant under the conditions specified in Part 1 of Clause A, is being operated by a person under sixteen years of age, or by a person under the influence of intoxicating liquor or any narcotic; or for the transportation of intoxicating liquor for any purpose, or in any amount, or otherwise in a reckless manner; or otherwise in any manner contrary to law or any city ordinance, or while being used in an unlawful business, or while trespassing on any right of way or property without the owner's knowledge or consent."

Only one witness was called who testified to being present at the time the truck turned over. He testified that he was standing on the step at the rear of the truck and that the truck was going about 20 or 25 miles an hour as it approached Liberty Street and that the truck tipped over when it was on that street 30 or 35 feet from East Broadway, and that the driver was not intoxicated. This witness, in answer to a question as to what he felt just before the accident, said that

"It felt as though putting on the brake, you could feel the truck hesitate and he cramped his wheels to the right as if to avoid something and the truck started to go over."

As the witness, from his position, could not see to the front very well, and the reason for turning suddenly is not more fully explained, it can not be said as a matter of law that the truck was being operated in a reckless manner.

It is also contended that the truck was being driven without the consent of the owner in violation of §12619, GC, and was therefore being operated contrary to law within the meaning of the provision of the policy above quoted and therefore any loss sustained is not covered by the policy. It is true that White, in his testimony, stated that he had at one time told Spade not to use the truck without asking, but the latter had used it before the accident for the purpose of going swimming with the knowledge and consent of the owner, and there had never been a refusal of its use. White also testified that he had not told Spade that he could not use the truck unless he asked. Although the evidence is undisputed that he did not have express permission to use it on the fatal day, yet there was some evidence tending to show an implied permission by reason of its previous permitted use, and it would not have been proper for the trial court to find, as a matter of law, that the truck was used without the owner's permission.

In our judgment the evidence adduced required the submission of the issues to the determination of the jury and the court erred to the prejudice of the plaintiff in error in directing a verdict for the defendant below.

For the reasons given the judgment is reversed and the cause remanded for a new trial.

LLOYD and RICHARDS, JJ, concur.