## INDEMNITY INS. CO. OF NORTH AMERICA v. DOW.
### No. 10778.

United States Court of Appeals
Sixth Circuit.

April 8, 1949.

E. D. Alexander, of Detroit, Mich. (Robert B. Ely, III, of Philadelphia, Pa., on the brief; Alexander, Cholette, Buchanan, Perkins & Conklin, of Detroit, Mich., of counsel), for appellant.

David G. Barnett, of Detroit, Mich. (Lawrence E. Brown and David G. Barnett, both of Detroit, Mich., on the brief; Fischer, Brown, Sprague, Franklin & Ford, of Detroit, Mich., of counsel), for appellee.

Before SIMONS, ALLEN, and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

Marsha Kruger was a member of the Women's Auxiliary Service Pilots during the late war, and the holder of a pilot's license issued by the Civil Aeronautics Authority. In 1946, she was living in Detroit, where she was employed in a business office. George Dow was a Detroit engineer, and in addition to his regular work, was interested in a number of real estate building projects and other lines of business. In April, 1946, Miss Kruger and Dow met at a party, and as a result of their conversation, they became interested in a venture of operating a plane commercially. Dow was not a pilot, and knew nothing about aviation. He was fifty years old. Miss Kruger was not only a pilot, but was vitally interested in flying, and as a consequence of her service as a pilot during the war, and her active, expansive personality, was widely known in aviation circles. She was thirty years old. Because of her war service, she was entitled, under government regulations, to favored consideration in purchasing planes that had been used by the Army. As a result of subsequent discussions between Miss Kruger and Dow, it was finally agreed that Dow would buy a plane, to be selected by Miss Kruger, for commercial operation; that Miss Kruger would operate and manage it; and that she would receive a guarantee of $25 a week (which she had been receiving in

her employment) and one-half of the profits from the commercial operation of the plane. With these terms agreed upon, it was arranged that Miss Kruger would make a journey to Topeka, Kansas, in June, 1946, to ascertain whether she could locate and purchase a suitable plane for the commercial venture at an Army depot situated in that place. Dow supplied the funds for the trip and Miss Kruger, with a group of other pilots, flew to Topeka. After she had arrived there, she telephoned Dow that she had inspected the available planes at the depot, but had learned that the plane in which she had made the trip with an Army lieutenant was his personal plane; that it was for sale; and that she thought they should get it. Dow told her to purchase the plane and sent her the necessary funds. Miss Kruger accordingly bought the plane; but it was necessary to go to Los Angeles to pay off a chattel mortgage. She, therefore, flew to Los Angeles, had the mortgage discharged, and flew back to Detroit.

Before Miss Kruger purchased the plane, Dow had a talk with the agent of the insurance company concerning insurance on the plane and pilot. The underwriters of appellant insurance company had suggested insurance on the life of the pilot to the insurance agent, and upon the latter's recommendation to Dow, binders for insurance on the plane and insurance on Miss Kruger's life were arranged for. The policies were ordered before the plane was purchased, to become effective upon acquisition of the plane. The insurance was, therefore, in effect on the plane and on the life of the pilot during the ferrying flight from Topeka to Los Angeles, and thence, to Detroit; but in order to issue the annual policies, it was necessary to have Miss Kruger complete the application, which she did upon her return to Detroit, filling in the answers in her own handwriting, in the office of the insurance company.

In August, Miss Kruger was about to undertake a flight from Detroit to Cleveland and arranged to take a friend, Miss Franklin, with her, on the understanding that the latter would pay the equivalent of the regular round-trip aviation fare. They started from the Detroit airport for Cleve-land over the land course, and as they reached Oberlin, the motor began to miss, and the plane started to lose altitude rapidly. Miss Kruger circled about to find an emergency field, but, failing to locate one, decided to come down in the open country, and was making a perfect landing when one of the wheels struck a ditch and caused the plane to turn over. Miss Franklin was badly injured but recovered. Miss Kruger received injuries from which she died three days later.

The insurance company refused to pay the policy on the life of Miss Kruger, and on suit being brought, defended on the ground that Dow, as beneficiary, was not entitled to recover the amount specified in the policy for the reason that he had no insurable interest in the life of Miss Kruger. From an adverse judgment, the insurance company appeals.

The issue before us is whether appellee had an insurable interest in the life of Miss Kruger at the time of the issuance of the policy of insurance upon her life. It is the general rule that an insurable interest is such an interest arising from the relations of a party, obtaining the insurance, toward the insured, as will justify a reasonable expectation of advantage or benefit from the continuance of the latter's life. "It is not necessary that the expectation or benefit should be always capable of pecuniary estimation; * * * But in all cases there must be a reasonable ground, founded upon the relations of the parties to each other, either pecuniary or of blood or affinity, to expect some benefit or advantage from the continuance of the life of the assured." Warnock v. Davis, 104 U.S. 775, 779, 26 L.Ed. 924; Connecticut Mutual Life Ins. Co. v. Luchs, 108 U.S. 498, 2 S.Ct. 949, 27 L.Ed. 800. In Mutual Benefit Ass'n of Michigan v. Hoyt, 46 Mich. 473, 9 N.W. 492, it was held, conversely, that an insurance policy issued for the benefit of a person who was not a relation of the assured, and whose interest was not promoted by the continuance of the life of the assured, was in the nature of a wager policy, and void against public interests. In Wurzburg v. New York Life Ins. Co. et al., 140 Tenn. 59, 203 S.W. 332, L.R.A.1918E, 566, it was held that a manufacturing company had

an insurable interest in the life of its manager who was the guiding spirit of the company and familiar with the business in which it engaged. These four cases were cited as authority by the Supreme Court of Michigan in Sun Life Assurance Co. v. Allen, 270 Mich. 272, 259 N.W. 281, 283, upon which appellant places its chief reliance in this case. There, the court was speaking of a claim of a partnership that asserted an insurable interest in the life of one of its partners; and, after holding that the evidence warranted the trial court's conclusion that the alleged partner was never a real partner, and that the partnership had no insurable interest in his life, the court declared that the mere existence of a legal partnership does not establish an insurable interest, and quoted from United Security Life Ins. & Trust Co. v. Brown, 270 Pa. 270, 113 A. 446, as follows:

" 'To sustain a contract of this character, it must further appear that there is real concern in the life of the party named, whose death would be the cause of substantial loss to those who are named as beneficiaries. This does not follow the cessation of ordinary service, but arises where the success of the business is dependent on the continued life of the employee.' "

We find nothing in the foregoing that qualifies the application to this case of the rule announced by the United States Supreme Court in Warnock v. Davis, supra, and Connecticut Mutual Life Ins. Co. v. Luchs, supra, and we find no difficulty in the application of that rule to the facts in this case. It was not necessary to prove that the death of the insured resulted in a substantial loss to the beneficiary in this case, that he would suffer therefrom "a substantial pecuniary loss," or that his insurable interest is established only when he shows pecuniary loss in fact, as contended here by appellant. It is sufficient that the beneficiary has a reasonable expectation of some benefit or advantage from the continuance of the life of the assured.

The trial court held that if appellee had a reasonable ground to expect some benefit or advantage from the continuance of the life of Miss Kruger, he had an insurable interest in her life, and was entitled to recover on the policy of insurance. The court concluded, however, that whether appellee could reasonably expect such benefit was a question upon which fairminded men might draw different conclusions from the facts in evidence, and, therefore, was required to be submitted to the jury for determination, in accordance with the decision of this court in Kopetovske et al. v. Mutual Life Ins. Co. of New York, 6 Cir., 187 F. 499. In its holding, the trial court clearly discerned the sole issue in the case. The venture entered into by Miss Kruger and Dow was to make money out of the commercial operation of a plane. Dow supplied the money for the project but left the entire business in Miss Kruger's hands, not only as to the selection and purchase of the plane, but also with respect to the supervision of repairs, the piloting, arrangements for flights, and general management. The only return Dow was to receive was one-half of the profits from the operation of the business by Miss Kruger. While it appears that she was a licensed pilot with 350 hours of solo flying, she was not a commercial pilot; but this is not of controlling importance. Dow thought she was a commercial pilot, and from all that appears, it is likely, from her training and experience, that she could have become one. In any event, one of the objects of the business was to rent the plane for commercial use, and Miss Kruger's wide knowledge of the aviation business might well have been an asset in such operations. It is not necessary that Dow's expectation of benefit be capable of pecuniary measurement. It was left to the jury to say whether, under all of the circumstances of the case, Dow had a reasonable ground to expect some benefit from the continuance of Miss Kruger's life. This question was properly submitted to the jury; and its verdict is sustained by substantial evidence.

In accordance with the foregoing, the judgment of the district court is affirmed.

SIMONS, Circuit Judge (dissenting).

Accepting, as do my colleagues, the definition of "insurable interest" quoted by them from Warnock v. Davis, 104 U.S. 775, 26 L.Ed. 924, I believe there must be

reasonable grounds to expect some benefit or advantage from the continuance of the life of the assured. I take it that reasonable ground for such expectation means something more than merely a hope. There must be either some experience or some peculiar ability, not possessed by others and demonstrable by evidence that benefit or advantage will flow from association by the beneficiary with the insured, whether the relationship between them be that of partnership or of employer and employee. So believing, I can find no evidence in the record to support the finding of insurable interest. I think the judgment should be reversed.