$$\begin{vmatrix} 119 & 429 \\ 141 & 387 \end{vmatrix}$$

# King v. White.

*Action for Damages for Fraud and Deceit.*

1. *Conspiracy to defraud; when actionable.*—Where defendants conspired and agreed together to induce plaintiff to purchase the right to vend a patented article, by one of the defendants proposing to become a joint purchaser with the plaintiff at a price named, one-half to be paid by such defendant, and the other half by plaintiff, when, in fact, by agreement between the defendants, one was to receive his half interest for inducing plaintiff to become the purchaser of the other half, it was a fraud on plaintiff, from which damages in law resulted, without regard to the value of the thing sold, and will support an action of deceit against either or both the defendants; and, on rescission, plaintiff may recover the full amount of the purchase money paid by him.

2. *Confidential relations; when they exist.*—Parties contemplating, and negotiating for, the joint purchase of property, stand, for the time being, in a relation of mutual trust and confidence toward each other, that imposes on each the obligation to exercise the same good faith towards, and regard for the interest of, the other, that is required in transactions of like character between partners, or persons occupying fiduciary relations.

3. *Duties imposed by confidential relations.*—Whenever two persons stand in such a relation, that, while it continues, confidence is necessarily reposed by one, and the influence which naturally grows out of the confidence is possessed by the other, and this confidence is abused, or the influence is exerted to obtain an advantage at the expense of the confiding party, the person so availing himself of such position will not be permitted to retain the advantage, although the transaction could not have been impeached if no such confidential relations existed.

4. *Fraudulent misrepresentations between persons in confidential relations.*—A false and fraudulent representation by a person to the effect that he had personally sold many hundred dollars' worth of a patented article, made to a person, who is in confidential relations with him, and who is thereby induced to purchase the right to vend such article, constitutes an actionable fraud.

APPEAL from Birmingham City Court.

Tried before Hon. Wm. W. Wilkerson.

[King v. White.]

This action was brought by the appellant, R. L. King, against the appellees, James N. White and Marion N. George. The case made by the complaint is sufficiently stated in the opinion. To the complaint, the defendant demurred upon the following grounds: "1. No facts are stated which justify the conclusion of wrong on the part of the defendants. 2. It is no wrong for the patentee of an invention engaged in selling to buyers the rights to manufacture and sell said patented article to conspire and agree together with another to induce plaintiff to become the purchaser of the right to sell said patented article. 3. It nowhere appears that plaintiff did not have full opportunity to inspect the said patented article or that defendants or either of them made any false representations in regard to the merits of said article, or that there was any lack of title in defendant, George. 4. It is not averred or shown in said complaint that plaintiff did not receive in full what he bought, or that the right bought by plaintiff was not equal in value to the amount alleged to have been paid by plaintiff. 5. It is not averred or shown that plaintiff suffered any damage by the wrong complained of. 6. The count does not aver or show that plaintiff was misled or deceived as to the quality, description or merits of the patented device. 7. Said count does not aver or show that said patented device or article, was not open to examination by plaintiff or any one for him. 8. Whether defendant George was or was not to collect from said White the sum of two hundred dollars was not material to plaintiff. 9. It is not averred that defendant George made or caused to be made any representations to plaintiff. 10. Said count fails to show any fraud upon plaintiff. 11. Said count fails to show any misrepresentation to plaintiff of any material fact. 12. Said count fails to show any fraud, misrepresentation or breach of warranty in reference to any material fact. 13. Said count fails to aver or show that plaintiff was deceived in reference to any material fact. 14. What White was to pay to George was immaterial to plaintiff." The court sustained the demurrers, and the plaintiff declining to amend his complaint or to plead further, judgment was rendered for the defendants. From this judgment the plaintiff appeals, and assigns as error the rulings of the

court in sustaining the demurrers interposed to the complaint.

WARD & CAMPBELL, for appellant, cited, *Sharpe v. National Bank of Birmingham*, 87 Ala. 644; *Life Ins. Co. v. Randall*, 74 Ala. 170; *Griel v. Pollak*, 105 Ala. 249; 66 Ala. 206, 210; 16 Ala. 785; S. C. 22 Ala. 501; 9 Ala. 622; 29 Ala. 34; 2 Addison on Torts, §850, note pp: 62, 63; *Page v. Parker*, 80 Am. Dec. 172; *Bostwick v. Lewis*, 2 Am. Dec. 73; *Bergeron v. Miles*, 43 Am. St. Rep. 911; *Grant v. Hardy*, 33 Wis. 668, 674.

BOWMAN & HARSH, *contra*, cited Bishop on Non-Contract Law, p. 141, §333; *Jordan v. Pickett*, 78 Ala. 332; *Miller v. Young*, 33 Ill. 355; *Bishop v. Small*, 63 Me. 13; *Farr v. Patterson*, 64 N. W. 864-5.

BRICKELL, C. J.—This was an action on the case instituted by appellant to recover for damages alleged to have resulted from a deceit and fraud practiced upon him by appellees in the sale of a right to vend in the State of Georgia a certain patented lock, of which defendant George was the patentee. Demurrers specifying many objections to the complaint were interposed by the defendant and sustained by the court, and plaintiff declining to amend, judgment was rendered in favor of the defendant, from which plaintiff appeals, assigning as error the judgment of the court sustaining the demurrers. The complaint alleges, in substance, that defendants, George and White, unlawfully conspired and agreed together to induce plaintiff to become a purchaser of the right to vend said patented lock in the State of Georgia, the scheme by which the object of the conspiracy was to be accomplished being, that White was to propose to plaintiff to become a joint purchaser with him of said right for the purchase price of $400, one-half to be paid by White, and one-half by plaintiff; "but with the agreement between said White and George that said White was not to pay said $200, but was to receive an assignment of one-half of said patent right to make sales of said patented article and county rights in the State of Georgia for inducing plaintiff to pay the sum of $200 to said George;" that in pursuance of this unlawful agreement, White proposed to plaintiff to be-

come a joint purchaser with him of said right at the price of $400, each to pay $200, and that plaintiff, relying upon, and influenced by, the facts that the purchase price was $400 and that White was to become a joint purchaser and pay one-half of this amount, accepted the proposition and made the purchase, paying to George the sum of $200, his supposed share of the purchase price. Each of the six counts of the complaint contains the substance of the above averments, some of them averring additional false representations made by White in urging the purchase, by which plaintiff was deceived, and that the patented article was worthless as an article of commerce, and not salable, nor useful as a mechanical contrivance.

Even in the absence of these additional averments of false representations, we are of the opinion the complaint shows a good cause of action, and that the court below erred in sustaining the demurrers. The clear inference from the averments of the complaint is, that the purchase price of the right, or the price at which George was willing to sell it, was $200; and the false representation by White that the purchase price was $400,—or the suppression of the fact that the right could be purchased for $200—and that he would become a joint purchaser and pay one-half the price, whereby plaintiff was induced to pay for an undivided one-half interest in the right a sum for which the whole interest could have been bought, was, in itself, without other misrepresentation, a fraud on plaintiff.—*Grant v. Hardy,* 33 Wis. 668; *Bergeron v. Miles,* 88 Wisc. 397; *Bostwick v. Lewis,* 1 Day (Conn.) 250 (s. c. 2 Am. Dec. 73) ; *Page v. Parker,* 43 N. H. 363 (S. C. 80 Am. Dec. 172). The nature of the transaction was such that damage in law necessarily resulted from the fraud, whatever might have been the real value of the right purchased, and where fraud and damage unite a right of action is given to the person injured; and the fraud in this case having been effected by means of the alleged unlawful conspiracy and combination between White and George, the latter was equally responsible for its injurious results to plaintiff. While White and plaintiff contemplated becoming joint purchasers of the property, they stood in a relation of mutual trust and confidence towards each other that imposed on each the obligation to exercise the same good

faith towards, and regard for the interests of, the other, that is required in transactions of a like character between partners, or persons occupying fiduciary relations. Whatever advantage White had in the transaction by reason of his secret understanding with the vendor, he was bound to communicate to, and share with, plaintiff, and the suppression by him of the fact that the real price of the right was $200, instead of $400, and that he was acting as the agent of the vendor, and was to receive an undivided half interest in the right for inducing the purchase by plaintiff of the other half, was a clear violation of his duty, and a betrayal of the trust and confidence which plaintiff had a right to repose in him, amounting to a constructive fraud. The general principle is stated by Lord Chelmsford, L. R. 2 ch. 55, in these words: "Whenever two persons stand in such a relation that, while it continues, confidence is necessarily reposed by one, and the influence which naturally grows out of the confidence is possessed by the other, and this confidence is abused, or the influence is exerted to obtain an advantage at the expense of the confiding party, the person so availing himself of his position will not be permitted to retain the advantage, although the transaction could not have been impeached if no such confidential relation existed."

It is contended that the complaint does not show that plaintiff was damaged by the alleged fraud,—in other words, that he got just what he bargained for at the price he agreed to pay for it—and that it therefore discloses no right of action, because fraud without consequent damage is not actionable. Apart from the averment in some of the counts that the lock was "worthless as an article of commerce and not salable or useful as a mechanical contrivance," the law will infer damage as the necessary result of the fraud and deceit practiced upon him, whatever may have been the value of the right purchased. Conceding that it was worth what he paid for it, or even more, still he was induced by the deceit and artifice of his pretended co-purchaser, in whom he had a right to repose the utmost confidence in all things pertaining to the transaction, to pay double the amount he would have had to pay if White had exercised towards him that good faith which the law, as well as good morals, require of parties occupying their relation; and

28

by the amount of the excess, at least, which he was thus induced to pay, he was damaged.—*Bergeron v. Miles, supra.* And the fraud being such as would authorize the rescission of the sale, he was entitled, upon surrendering, or offering to surrender, the thing purchased, to recover the entire purchase money in an action for the fraud.

The representation alleged in some of the counts, made by White to induce the purchase, that he had personally sold several hundred dollars' worth of the patented article in Alabama, was a representation of a material fact, upon which plaintiff had a right to rely. It was clearly a fact represented, and it was material because it affected the question of the salability and, indirectly, the merits of the lock. The subject matter of the transaction was not the lock, but the right to vend it in the State of Georgia, and the representation was well adapted to induce the belief that the article was salable. And plaintiff, by reason of the relation of trust and confidence in which the parties stood, was entitled to rely on the representation without making the diligent investigation as to its truth, or exercising that degree of care and judgment, which might have been required of him if no such relation had existed. It should be observed that, in contemplation of law, and in fact, the parties were not dealing at "arm's length" and on equal terms, as vendor and vendee, each striving to make the best bargain possible out of the other, under which circumstances mere "dealer's talk" gives no right of action, but that the one had a right to repose a confidence in the statements of fact by the other, which the latter was forbidden to betray. Under these circumstances, a deliberately false statement of a material fact, fraudulently made to the person reposing the confidence by the person in whom it is reposed, may vitiate a transaction induced thereby, although it might not have been entitled to absolute credibility and trust under different circumstances. The representation of White that he would become a joint purchaser and pay one-half of the purchase price, was a mere trick or artifice, if true, manifestly resorted to for the purpose of inducing confidence in his statements, and thwarting investigation as to their truth, disarming suspicion, and preventing the full exercise of his judgment by the plaintiff, and was well adapted to the accomplishment of this purpose. With-

out considering further each count of the complaint and the separate grounds of the demurrer, we are of the opinion each count shows a good cause of action, and that the demurrers should have been overruled.

Let the judgment be reversed and the cause remanded.