(95 South. 29)
**HILL v. HILL. (6 Div. 680.)**

(Supreme Court of Alabama. Nov. 30, 1922. Rehearing Denied Jan. 18, 1923.)

**1. Joint adventures ⬡—5(1)—Account is to be stated on same principles as partnership account, if there was no net loss.**

Where there was no net loss sustained in a joint adventure, the account is to be stated, if one party thereto is entitled to an accounting, on principles identical with those which would apply if the relation between the parties was that of partners.

**2. Joint adventures ⬡—5(1)—Improper to charge defendant in account with money expended in discharge of joint debts.**

In an accounting between joint adventurers, it was improper to charge the defendant with the money on deposit in the bank at the dissolution of the adventure, where that money and something more was used by him in discharging joint debts for which he was allowed no credit.

**3. Joint adventures ⬡—5(2)—Evidence held to show prima facie defendant was charged too much for mortgage.**

Evidence in support of an exception to the report of a register, in stating an account between joint adventurers showing that the amount of a mortgage was $200, shows prima facie error in charging the defendant with $883 on account of that mortgage.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by O. C. Hill against Mose Hill. Decree for complainant, and defendant appeals. Reversed and remanded.

Morris Loveman, of Birmingham, for appellant.

W. M. Woodall, of Birmingham, for appellee.

SAYRE, J. Complainant's (appellee's) bill, as last amended, averred a partnership between himself and defendant, and sought a settlement. Complainant's testimony is:

"We agreed that after the money father [defendant] had put in had been paid back to him, after all bills of the firm had been paid, that the profits were to be divided equally; we were both held responsible for the debts and for the losses of the firm."

[1] In his answer defendant denied that any partnership had ever existed between the complainant (his son) and himself, averring, in substance, that complainant was merely his agent or employee in conducting

the business, a general mercantile business, extending over a period of years. His testimony supported the denial and averment of his answer. In his decree the circuit judge, sitting as chancellor, held that the proof failed to show that a partnership had existed between the parties, but that they had engaged in a joint adventure and complainant was entitled to an accounting. This much of the decree is not assigned for error. Assignments of error are addressed to rulings on exceptions to the register's report and of course the register did not undertake, nor had he authority, to review the finding and decree of the court in respect of the relation between the parties. However, there were no losses (that is, there was no net loss), and the account, if complainant was entitled to an accounting, was to be stated on identical principles, whether the relation was that of partners or joint adventurers.

[2] The court is of opinion that there was error in the register's report, in that defendant was charged with the sum of $2,383 money in bank at the dissolution of the partnership, whereas the record, as we read it, shows that this sum and something more was used by defendant in discharging the debts of the partnership formed, for which defendant was allowed no credit.

[3] Further, the evidence noted in support of defendant's fifth exception to the register's report—nothing being noted on the other part—sustains, prima facie, the exception which complains of the charge against defendant of the sum of $883 on account of the Winnie Powell mortgage. That mortgage, as shown by the copy exhibited in the complainant's testimony, secured the sum of $200, and was given by Powell in the year 1914 to Hill & Son; by which name the business was known to creditors and third parties generally. Appellant's (defendant's) brief refers to a prior mortgage on the same property executed by Powell to one Wilkes and assigned to defendant. If there was reason for this charge made by the register, sufficient to overcome the evidence noted in support of the exception, we have not been referred to it.

The court is of the opinion, on the record here presented, that the charge of $25 a month, made against complainant as for moneys withdrawn by him from the business during the existence of the alleged partnership, is too small. It will be left for the register to make a proper statement of this item on any evidence that may be offered on a future reference, if any.

The entire cause will be left open for such decisions and decrees as the chancellor may deem proper.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.