(113 So. 513)

**KELLY v. KELLY.    (6 Div. 477.)**

Supreme Court of Alabama.    Jan. 13, 1927.

Rehearing Granted June 23, 1927.

**1. Divorce ⬥93(2)—Averments that husband was guilty of gross immoral conduct not condoned by wife held insufficient to sustain divorce decree for adultery.**

Averments that defendant was guilty of gross immoral conduct with another woman which complainant did not condone held insufficient to sustain decree of divorce on ground of adultery.

**2. Equity ⬥245—Only decree proper in absence of amendment to bill to which demurrer has been sustained is one of dismissal.**

The only decree that can be rendered after a demurrer to a petition for divorce has been sustained, in the absence of amendment to the petition, is one dismissing the bill.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Bill for divorce by Kate Kelly against C. F. Kelly. From a decree for complainant, respondent appeals. Reversed and rendered on rehearing.

W. M. Adams, of Tuscaloosa, for appellant.

Counsel argues for error in the decree, and cites Powell v. Powell, 80 Ala. 595, 1 So. 549; Richardson v. Richardson, 4 Port. 467, 30 Am. Dec. 538; Mosser v. Mosser, 29 Ala. 313; Jeter v. Jeter, 36 Ala. 391; Coleman v. Coleman, 198 Ala. 225, 73 So. 473; Brindley v. Brindley, 121 Ala. 429, 25 So. 751; Code 1923, §§ 7418, 7419.

John R. Bealle, of Tuscaloosa, for appellee.

Brief of counsel did not reach the Reporter.

PER CURIAM. This is a bill by the wife against the husband for divorce, alimony, and the custody of the children. On submission for final hearing on the pleadings and proof consisting of deposition taken before the register and the exhibit thereto, a decree was entered granting the complainant relief, and from that decree this appeal is prosecuted. The divorce was granted by the decree on the grounds of adultery "as charged in the bill."

[1] The only charge in the bill aside from habitual drunkenness, which was not sustained, as it appears in the record before us, is "that on or about the 11th day of May, 1924, the said respondent in the city of Tus-

caloosa, Ala., was guilty of gross immoral conduct with a woman by the name of Lucy Beck. Complainant avers that she has not condoned or forgiven such conduct on the part of said respondent."

These averments are clearly insufficient to sustain the decree of the court.

Moreover, the testimony in the case has been considered by the court in banc, and we are of opinion that if adultery had been sufficiently charged in the bill, the proof is not sufficient to sustain the charge. Le May v. Le May, 205 Ala. 694, 89 So. 49; Scott v. Scott, 215 Ala. 684, 112 So. 218.

[2] Another reason why the decree must be reversed: It appears from this record that the respondent's demurrer to the original bill was sustained, and, so far as this record shows, the bill was not amended, and in the absence of an amendment to the bill, after demurrer sustained, the only decree that could be rendered was one dismissing the bill. Pope v. Ledbetter et al. (Ala. Sup.) 113 So. 20;[1] Coleman v. Butt, 130 Ala. 268, 30 So. 364; Howell v. Howell, 171 Ala. 502, 54 So. 601.

The opinion heretofore promulgated is withdrawn, the rehearing is granted, the decree of the circuit court is reversed, and one here rendered dismissing the complainant's bill.

Rehearing granted; reversed and rendered.

All the Justices concur.

