148 So. 418

## MARX v. MARX.
### 1 Div. 746.

Supreme Court of Alabama.
May· 25, 1933.

Gordon, Edington & Leigh, of Mobile, for appellant.

Smith & Johnston, of Mobile, for appellee.

BROWN, Justice.

"The instances in which the legal remedies are held to be inadequate, and therefore a suit in equity for an accounting proper, are: 1. Where there are mutual accounts between the plaintiff and the defendant,— that is, where each of the two parties has received and paid on account of the other; 2. Where the accounts are all on one side, but there are circumstances of great. complication, or difficulties in the way of adequate relief at law; 3. *Where a fiduciary relation exists between the parties, and a duty rests upon the defendant to render an account.*" (Italics supplied.) 4 Pomeroy's Equity Jurisprudence (4th Ed.) § 1421.

The averments of the bill bring this case within class 3.

The complainant, a young woman of no business experience, acquired by inheritance a large sum of money which was deposited in the bank 'in her name, securities, and other assets, and at her marriage with the defendant, reposing confidence in him, she intrusted him with the exclusive management of her estate, giving him a power of attorney to act for her in . the management thereof.

Taking the averments of the bill as true, which must be done on demurrer, he has dissipated her estate, and, through deception and fraud practiced on her, has converted much of it to his own use. She has kept no account of the several transactions, and the disposition he has made of her assets rests exclusively within his knowledge, and he has misrepresented to her the existence of certain of her assets as being in his possession, which he had disposed of, and has confessed to her such delinquency.

The sole contention of the appellant is that it is essential to the equity of the bill that complainant show a demand on the defendant for an accounting and a refusal to render an account. In support of this contention appellant cites 2 C. J. page 908, § 617; Cullman Property Co. v. H. H. Hitt Lumber Co., 201 Ala. 150, 77 So. 574, and Southworth v. Smith, 27 Conn. 355, 71 Am. Dec. 72.

▆ The first cited authority states the rule thus: "In an ordinary action by a principal against his agent for an accounting of money or property received by the latter in his capacity as agent, a demand for an accounting before suit, or facts rendering a demand unnecessary, must be alleged in the bill." 2 C. J. page 908, § 617. This may be conceded to be a correct statement of the rule, yet facts are averred which render a demand and refusal unnecessary. In the first place, the averments of the bill show a relation of trust and confidence, and, in the second, they show that the agent and trustee has, not only failed to account, but that he had converted some of the trust estate to his own use. This is clearly sufficient to give the bill equity, and nothing more is required. Chrichton v. Hayles, 176 Ala. 223, 57 So. 696; First Nat. Bank of La Pine v. Bradley, 223 Ala. 22, 134 So. 621.

Cullman Property Co. v. H. H. Hitt Lumber Co., supra, was a bill by a large property owner against a trespassing lumberman, to enjoin repeated trespasses, and incidentally for discovery and relief. There was an absence of any fiduciary relation, and while all that was said in that case, and there was much, may be conceded to be sound, it is not applicable here.

Southworth v. Smith, supra, was a bill by one part owner of a vessel against the other—a case of joint adventure—for an accounting, and there was nothing in the averments of the bill to show that the defendant had received anything to account for.

Our judgment is that the circuit court properly overruled the demurrer to the bill, and the decree will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.