177 So. 887

**MEYROVITZ et al. v. WATFORD et al.**

**4 Div. 966.**

Supreme Court of Alabama.

Dec. 2, 1937.

Rehearing Denied Jan. 13, 1938.

John W. Rish, of Dothan, for appellees.

Farmer, Merrill & Farmer and W. L. Lee, all of Dothan, for appellants.

BOULDIN, Justice.

The owner of a two-story store building leased same for a term of years on a monthly rental basis.

Pending this lease, a renewal lease was made to begin at the expiration of the pending lease and run for a number of years on a like rental basis.

On the expiration of the pending lease, the lessee declined to enter upon the new term, removed from the building, and disclaimed any obligation under the new lease.

The lessor sued at law for breach of the new rental contract, seeking to recover as damages the difference between the stipulated rental and the alleged market value for rental purpose for the term of the new lease.

The lessees, defendants in the suit at law, interposed numerous pleas setting up a breach of the lessor's covenant in the former lease to repair and keep in good condition the roof of said building and

claiming by way of set-off alleged damages for injuries to the stock of merchandise, fixtures, repairs, and improvements made by the lessee on the interior of the building, and loss of rents on offices in the second story, all alleged to have accrued from the bad and leaky condition of the roof while occupied under the former lease.

The lessees also brought a suit at law against the lessor to recover damages upon an injunction bond given by the lessors in an injunction suit to enjoin the lessees from abandoning the building, etc., which injunction had been dissolved.

The lessor, thereupon, filed a bill in equity, setting up the foregoing, praying that the court of equity take jurisdiction of the whole controversy for a discovery and accounting, and decree full and final relief in the premises.

Demurrers going to the equity of the bill were sustained. This appeal is to review that decree.

The bill sets out as exhibits the several pleas which the bill avers call for an accounting. The substantial averments on which equitable relief is sought appear in the following excerpts from the bill:

"Complainants further aver that in said various pleas the defendants are contending and claiming and that the said respondents are now insisting and contending, that on, to-wit, the 26th day of May, 1931, and up to, to-wit, February 1, 1933, that the said roof on said building was in bad condition and did leak so that water poured through said roof all during said twenty months, or longer, and on various and sundry occasions; that under the terms of said lease-contract complainants were to keep said roof in good condition, and that the respondents were to do all other repairs; that the said respondents relying on representations or statements that said roof had been put in good condition, did on various and sundry occasions, expend large sums of money in making certain repairs, and that water had leaked through said roof during said time, to-wit, twenty months, on various and sundry occasions and damaged their said stock, and did damage the said repairs, and their said furniture and fixtures, in various and sundry amounts, to various and sundry articles of merchandise, to the fixtures and to the repairs and improvements that they had expended; wherefore complainants aver that the said respondents are claiming an accounting for

said various damages as hereinabove set forth against these complainants, and for this reason these complainants aver that the said accounting between the complainants and the respondents is mutual. * * *

"Complainants further aver that in so far as the various improvements that were made by the respondents in said building, the cost of the same, and the damage to same that were suffered on said various occasions by virtue of any leak in said roof are unknown to these complainants and are known to the respondents, and complainants do not know, and have no means of ascertaining the various amounts of said damages or the extent thereof, except from the said respondents.

"Complainants further aver that they are entitled in equity and good conscience to a discovery of each and all of said items of damages, and the extent thereof, with the name of each of the persons from whom they bought any material, the date they purchased the same, and the amount they paid for the same, with a description of such material that they claim or contend was damaged by any leaky condition of said roof, also a discovery of each item of merchandise that was damaged by said leaky condition of said roof, and each item of fixtures or other articles that they claimed were damaged by said leaky condition of said roof the extent of said damage, the date of said damage, the cost of said article, and a full description of every material fact pertaining to said alleged damages so sought by them to be recovered from these complainants. * * *

"Complainants further aver that all during said first lease-contract, and until, to-wit, about the 1st day of January, 1933, that the said respondents remained in said building and paid to these complainant regularly, without protest or objection, the said monthly rental, amounting to the sum of, to-wit, $200.00 per month, and did not deduct or seek to deduct from said monthly payment any of said alleged damages that they are now insisting upon, and did not give notice to these complainants of any intention from to-wit, May 26, 1931, when they executed said lease contract, until, to-wit, January 1, 1933, that they would abandon said premises, and would not abide by said lease contract of May 26, 1931; during all of said time they were silent as to any false representations in reference to the execution of said contract, and were

silent as to any asserted claims for damages during said time."

Further allegations are to the effect that the issues in the suit at law present a case of mutual and complicated accounts, and, together with the pending suit on the injunction bond, present a case for discovery and accounting in equity, and a settlement of the entire controversy in this one suit.

The suit at law by these complainants for damages arising from breach of the second rental contract, as of course, presents a straight issue for trial at law.

The matter of discovery and accounting relates to issues presented by pleas of set-off in the suit at law. The first and essential issue at law is whether there was a breach of the covenant to keep the roof in good condition on the part of plaintiff. It is sought to draw this issue into the equity court because the alleged damages growing out of such breach consists of many items within the knowledge of respondents, and unknown to complainant. If there was a breach of the covenant to maintain the roof, the only basis for a recovery of damages by way of set-off in the court at law, no rule of law or equity charged respondents with a duty to inform the complainant of the details of the damages resulting from his breach of duty. Pleadings and proceedings at law carry all the showing of the nature and extent of injury to which complainant is entitled. The burden is on defendant at law to prove the items of damages, etc. There is no relation of principal and agent, or other fiduciary relation, where by the nature of the business the respondent has sole possession of the data upon which complainant must rely for an accounting.

The mere fact that items of damages are numerous does not furnish any complication of accounts for which there is no adequate remedy at law. A discovery in aid of accounting arises only where there is some duty to discover in equity and good conscience.

No such right arises where the matter of accounting grows out of the breach of obligation by complainant, matters which he should have prevented, and which are ascertainable in an action at law.

In principle, although not in details, this case is strictly analogous to, and governed by, equitable principles discussed, with citation of authority, in the very recent case of Merrill v. Ritch, ante, p. 155, 177 So. 886.

We need do no more than cite that case, with cases therein cited, as governing this case

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.