177 So. 627

## ZINGELMANN v. TURNER et al.

### 1 Div. 986.

Supreme Court of Alabama.

Dec. 16, 1937.

Francis H. Inge, of Mobile, for appellant.
Jere Austill, of Mobile, for appellees.

BROWN, Justice.

The appellee Turner on February 15, 1935, brought an action of assumpsit against appellant for $10,486.32, alleged to be due from him by account on January 7, 1935, and for "money paid by the plaintiff for the defendant on to wit the 7th day of January, 1935, at the request of the defendant."

On April 16, 1935, appellant, defendant in the circuit court, filed a motion alleging in substance that said alleged indebtedness arose out of a partnership or joint adventure between plaintiff, the defendant, and one Leatherbury, entered upon in the year 1927, by engaging in the business of

purchasing and exporting logs, under the terms of an agreement by which plaintiff in the action was to receive 20 per cent. of the profits, and defendant and Leatherbury were to pay the office expenses, and divide the remaining 40 per cent. between them; all other expenses and losses to be shared equally, and that said partnership affairs cannot be equitably adjusted and settled in the action at law to which Leatherbury is not made a party.

On the hearing of the motion the case was ordered transferred to the equity docket, and thereupon appellant became the actor, as the statute requires, and filed his bill, making the plaintiff and Leatherbury parties defendants. Code 1923, § 6490; Cornelius v. Moore, 208 Ala. 237, 94 So. 57.

The bill alleges, in short, that the complainant, Turner, and Leatherbury, in the year 1927, entered into an oral agreement of partnership which was to be known and called "Leatherbury and Zingelmann," for the purpose of engaging, for mutual profit, in the business of purchasing and exporting logs. That said business continued until August, 1934, when the same was dissolved without settlement of the affairs thereof between the parties thereto.

That at the time complainant and Leatherbury were experienced exporters and that Turner was possessed of financial means and credit to sustain said business, and the agreement between the parties contemplated that complainant and Leatherbury would contribute their services and experience and their established logging connection to said business; and that Turner would supply the capital, and that Turner's share of the profits, after all expense incident to said business, other than office expenses, to be borne by complainant and Leatherbury, was to be 20 per cent., and after paying the office expenses, the remaining 40 per cent. should be equally divided between complainant and Leatherbury, and during the continuance of said business all three of the parties shared the losses, with the exception of what was termed office expenses. The bill prays for an accounting and settlement of the affairs of said venture.

The defendants filed a joint answer, in which they deny "that there was ever any partnership between them and the complainant."

They admit that the said Turner loaned the partnership of Leatherbury & Zingelmann money and gave them advice and services for which he was to receive 20 per cent. of the profits and to be paid back his advances.

The answer also alleged that said Leatherbury and Zingelmann were indebted to Turner in the sum of $10,486.32. The answer was not made a cross-bill and no affirmative relief was prayed.

The circuit court on final hearing on the pleadings and proof held that the complainant had failed to prove the averments of the bill, that Turner was a member of said partnership, denied complainant relief, and entered a money decree against the complainant, appellant here, for $10,481.24, and the costs.

■ If it be conceded that the conclusion of the trial court that the proof does not sustain the averments of the bill on which its equity rested is sound the only decree that could be rendered in the absence of a cross-bill, setting up an independent equity, was one dismissing the bill and remanding the case to the law docket for trial. Code 1923, § 6492; Smith et al. v. Grayson, Circuit Judge, 214 Ala. 197, 107 So. 448; 8 Alabama Digest, Equity, page 515, ⊗196.

■ We are of opinion, however, after full consideration of the evidence, that it substantially sustains the material averments of the bill and that the case is at least one for an accounting between joint adventurers in which the same principles are applicable, as where the accounting is between partners. Hill v. Hill, 208 Ala. 659, 95 So. 29; Elledge v. Hotchkiss, 222 Ala. 129, 130 So. 893.

The weight of the evidence goes to show that the advances made by Turner, as a general rule, was by honoring drafts, made by Leatherbury and Zingelmann for the purchase price of the logs, traveling expenses, transportation cost to place of shipment, and freight and insurance incurred in the shipment of the logs to the place of delivery to the purchaser at foreign ports.

The amount of these drafts was refunded out of the proceeds of the sale, and the profits deducted on the basis of 20 per cent. to Turner, the balance to Zingelmann and Leatherbury, out of which the office expenses were paid, and what remained divided equally between them.

■ In respect to the "McGowin tract," this was purchased by Turner from Smith Lumber Company, and the title taken by

Turner, and the timber was cut on a stumpage basis by the joint adventurers. Stated in other words, Turner staked his capital and advice against the business connections, experience, and services of Zingelmann and Leatherbury in the joint adventure and is due to share in the net losses as well as the profits. Hill v. Hill, supra.

The decree of the circuit court is therefore reversed and one rendered granting the complainant relief as prayed in his bill. The case is remanded to the circuit court for a decree of reference, and other proceedings, not inconsistent with this opinion.

Reversed, rendered and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.