187 So. 709

**KORNMAN v. RASKIN.**

**8 Div. 962.**

Supreme Court of Alabama.

March 30, 1939.

Wm. Stell, of Russellville, and Rushton & Rushton, of Montgomery, for appellant.

J. Foy Guin, of Russellville, for appellee.

KNIGHT, Justice.

The complainant, appellee here, filed the bill in this cause seeking a dissolution of a mercantile partnership, existing between himself and the respondent Joe Kornman, and for an accounting. The bill also made one Archie Danoff a co-respondent thereto, but upon the hearing, no relief was granted against this respondent, and he does not join in the appeal prosecuted by the other respondent.

On final hearing, the court granted the complainant relief, as against the respondent Joe Kornman, holding that a partnership did exist between the complainant and the said Kornman, and that the latter had wrongfully ousted and excluded the complainant from participation in the conduct and management of the partnership; and from the enjoyment of any income from said business. The court also decreed that, "at the time of the complainant's said ouster and exclusion, the net value of his interest in the assets of the copartnership, after allowing for, and deducting, his indebtedness to the copartnership, and to the respondent Joe Kornman, was $400.00." The court ordered the said respondent to pay said amount, and all costs forthwith, and if the same were not so paid, execution should issue.

We are in full accord with the trial court in its holding that the evidence shows that the relationship existing between complainant and the respondent Kornman, in the ownership and operation of the mercantile business in Russellville, known as The Russellville Hardware Company, was that of partners. Code, § 9372; Copeland v. King, 224 Ala. 160, 139 So. 221.

The evidence not only shows that a partnership did, in fact, exist between the complainant and the said Kornman, but it also shows the exclusion of the complainant by the said respondent from further participation therein. This justified a decree of dissolution, and an accounting, and a settlement of the partnership's business as an independent equity, regardless of the nature of the account, whether simple or complicated. Ard v. Abele, 226 Ala. 611, 148 So. 318; Reilly v. Woolbert, 196 Ala. 191, 72 So. 10; Glover v. Hembree, 82 Ala. 324, 8 So. 251; Dugger v. Tutwiler, 129 Ala. 258, 30 So. 91; Heller v. Berlin, 208 Ala. 640, 95 So. 10.

But, if it should be conceded that the parties were joint adventurers, and not partners, in this business enterprise, the result would be the same, for, in such cases, a joint adventurer, wrongfully excluded from participation in the joint enterprise, is entitled to an accounting between the joint adventurers. In such cases, the same equitable principles are applicable, as where the accounting is between partners. Hill v. Hill, 208 Ala. 659, 95 So. 29; Elledge v. Hotchkiss, 222 Ala. 129, 130 So. 893; Zingelmann v. Turner et al., 235 Ala. 102, 177 So. 627.

So, then, whether the complainant was a partner or a joint adventurer, he is entitled to the accounting and settlement as prayed for in the bill.

We have carefully read and considered all the evidence in the record, and are at the conclusion that the complainant's net interest in the partnership's effects, at the time of his wrongful exclusion was fully as much as the trial court's decree fixed it, if not considerably more.

By whatever process of reasoning the court reached its conclusion that the net interest of complainant in the assets of the business was $400, the appellant has no just ground of complaint, for the amount fixed was certainly as little, as a fair and just consideration of the evidence would warrant.

While the complainant seems to be of the opinion that, if the trial court committed any error in arriving at, and fixing the amount of his interest in, the partner-

ship's assets, the error was against him, that he was entitled to a decree for a much larger amount, yet, for reasons stated in his brief, he has made no cross assignment of error upon the record. We cannot, therefore, grant him further relief, if we felt so inclined.

The decree of the court below, insofar as the appellant is concerned, is free from prejudicial error, and it will be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.