31 So.2d 317

**ENDSLEY et al. v. DARRING.**

6 Div. 506.

Supreme Court of Alabama.

April 17, 1947.

Rehearing Denied June 30, 1947.

382

Harvey Deramus, of Birmingham, of appellants.

Wilkinson & Skinner, of Birmingham, for appellee.

BROWN, Justice.

This appeal is by the respondents Endsley, Southern Burial Association, Inc., and Fulton Springs Tourist Camp from a decree of September 13, 1946, sustaining the respondents' demurrer to "that aspect [of the bill as last amended] which seeks to establish title in the complainant to one-half of all the property owned by the respondent J. T. Endsley" and dismissing "said aspect."

The appellants obtained leave of severance on submission and assigned as error the ruling on the demurrer which sustained complainant's right arising out of "a course of dealing between the parties from which there arises a trust in favor of the complainant." The appellee has made cross-assignments upon the record challenging the soundness of the decree in so far as it sustains the demurrer and dismisses "the aspect of the bill" which seeks to establish and protect the complainant's ownership in the capital stock in the Southern Burial Association, the Fulton Springs Tourist

Camp and other property in which she has an interest, allegedly concealed from the complainant by the respondent Endsley.

As we view the allegations of the bill as last amended, its purpose is to establish and protect the complainant's ownership, legal or equitable, in the capital stock of said corporations and to discover and protect other assets alleged to have been procured in the course of the prosecution and conduct of the business, of a partnership or joint adventure between the complainant and said Endsley culminating in a joint ownership of the capital stock in said corporations which are still active and under the domination, management and control of the said Endsley in which he owns a half interest and in which he, by express agreement, holds the legal title to the other half interest in trust for the use of the complainant.

The other features of the bill which seek discovery and accounting, enforcement of the resulting trust in favor of Fulton Springs Tourist Camp, arising from the purchase of real property with the funds of said tourist camp, title to which was taken by said Endsley in himself, are incidental and ancillary to the main equity—the establishment, declaration and protection of complainant's interest in the capital stock in said two corporations and other property held by Endsley in trust for complainant's use.

The bill's allegations show that the course of dealing between complainant and respondent Endsley, running through several years, was a partnership or joint adventure in which complainant furnished the money, enabling said Endsley to promote four or more corporations which he conducted, one-half of the stock of which he took in his own name and agreed to hold the other half for the use and benefit of the complainant. The capital stock of one of said corporations was disposed of by the parties for a consideration of $50,000, $10,000 being paid in cash and the balance payable in installments, secured by notes executed by the purchaser. With the $10,000 Endsley organized another corporation in the State of Texas of the same name and for the operation of which complainant advanced money to continue its operation. The Texas corporation, so Endsley asserted, was abandoned by him at a loss. The capital stock and business of the first corporation organized in Alabama, the Gold Bond Burial Association, Inc. was sold by the parties to the Great Southern Burial Association. From this sale, in addition to the cash payment of $10,000, some part of the purchase price represented by the notes given for the deferred payment was salvaged, and this salvage was used in procuring the capital stock in the Southern Burial Association, one-half of which was to be held by Endsley and the other half by him for complainant. Complainant made contributions in money and labor which went into the organization of the Fulton Springs Tourist Camp, Inc., the capital stock of which was owned and held in like manner by the complainant and Endsley, each having one-half interest.

With funds belonging to the Fulton Springs Tourist Camp, Inc. Endsley purchased a tract of land adjoining the property owned by said corporation and took title to the property so purchased in his own name, a fact which he concealed from the complainant.

The allegations of the bill show that on numerous occasions by word and act the respondent Endsley acknowleged complainant's interest in said properties involved in the litigation and promised to transfer and deliver to her her shares of the capital stock held by him for her use, but within about two years before the filing of the bill in this case, he flatly refused to do so and thereupon the bill was filed.

Shortly prior to entering upon the course of business which continued through the years, the complainant and the defendant were engaged to be married, the marriage to take place as soon as Endsley could establish himself in his profession as a dentist. He became indebted for equipment and supplies for his office and was threatened with bankruptcy when the complainant came to his aid and loaned him money to pay his creditors so that he could continue to conduct his dental business. That was in the year of 1919. Soon thereafter they agreed and entered upon the

course of dealings heretofore outlined in which the complainant performed the conditions of her agreement by advancing cash to Endsley to organize and acquire stock in a certain corporation and her obligation became fully performed. Such contracts are not within the influence of the statute of frauds. Talley v. Talley, 248 Ala. 84, 26 So.2d 586.

The allegations of the bill also show that up until the time said defendant Endsley failed to transfer and deliver complainant's stock he performed his obligation to prosecute the joint adventure by acquiring the property and looking after the business of those contributing to the joint adventure.

■ The complaint avers that she had utmost good faith and confidence in said defendant and that he from time to time renewed his promise to make her his wife and gave as his only excuse for not placing her stock in her name on the books of the corporation that he didn't want the woman who was to become his wife connected with a "negro burial society". The betrothal of marriage assumed between the parties created as between them a relation of trust and confidence, exacting utmost good faith in their dealings with each other. Barker et al. v. Barker, 126 Ala. 503, 28 So. 587.

■ The effect, validity and the rights of the parties arising out of a joint adventure and course of dealing between the parties is illustrated by the following authorities. Faust v. Faust, Ala.Sup., 29 So. 2d 133;[1] Warner v. Warner, Ala.Sup., 28 So.2d 701;[2] Talley v. Talley, Ala.Sup., 26 So.2d 586;[3] Mitchell v. Friedlander, 246 Ala. 115 [119], 19 So.2d 394; Anderson v. Blair, 202 Ala. 209, 80 So. 31; Saunders v. McDonough et al., 191 Ala. 119, 67 So. 591. When the defendant Endsley denied complainant's right to her interest in the capital stock in said corporations to which she had an equitable right, her right to file this bill for relief and discovery was complete. Kornman v. Raskin, 237 Ala. 490, 187 So. 709; Prowell v. Wilson, 219 Ala. 645, 123 So. 38; Cannon v. Gilmer, 135 Ala. 302, 33 So. 659; King v. White, 119 Ala. 429, 24 So. 710.

The ruling of the court being favorable to the appellants, it is very doubtful whether they can take anything by this appeal. The rule of procedure in such cases is stated in Dudley v. Whatley, 244 Ala. 508, 14 So.2d 141, 147 A.L.R. 508; Pope v. Ledbetter, 216 Ala. 302, 113 So. 20; Kelly v. Kelly, 216 Ala. 464, 113 So. 513.

Appellee has made cross-assignments on the record as authorized by Rule 3 of Supreme Court Practice, Code 1940, Tit. 7 Appendix, p. 1007, and these cross-assignments of error present the real controversies between the parties.

■ We have given due consideration to the appellants' assignments of error predicated on the assertion that the several assignments made by the complainant to Endsley were loans and that they constitute stale demands barred by laches and the statute of limitations and find no merit in these contentions. The fact that the bill prays for unwarranted relief does not render it demurrable. Wilks v. Wilks, 176 Ala. 151, 57 So. 776.

■■ Taking the averments of the bill as true, as must be done on demurrer, the complainant as the equitable owner of one-half of the stock in the Fulton Springs Tourist Camp, Inc., is armed with the right to enforce the resulting trust in favor of said corporation, arising from the purchase of the real estate by Endsley with the funds of said corporation, and compel the conveyance of the property so purchased to the corporation as an incident to the protection of complainant's interest in said capital stock. Gettinger et al., v. Heaney, 220 Ala. 613, 127 So. 195.

The circuit court correctly overruled "the separate and several demurrers of all the respondents to the bill of complaint as last amended as a whole, "but the decree in so far as it sustained the demurrer of respondents to the aspect of the bill which seeks to establish and protect the title of complainant in one-half interest in the stock of said corporations and any other property obtained in consequence of the conduct of the business of said joint adventure, and dismissing the same was laid

---

[1] 248 Ala. 660.
[2] 248 Ala. 556.

[3] 248 Ala. 84.

in error; and in this respect the decree is reversed and one here rendered overruling said demurrer and reinstating the bill in this respect.

The judgment is modified as above indicated and the application for rehearing overruled.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.