32 So.2d 221

### DOSS v. WILLIAMS.

8 Div. 355.

Supreme Court of Alabama.

Oct. 16, 1947.

Bradshaw & Barnett, of Florence, for appellant.

F. S. Parnell and Orlan B. Hill, both of Florence, for appellee.

FOSTER, Justice.

This is an appeal by respondent from a decree overruling demurrer to the bill, and separately to its several aspects specified in the demurrer.

There are three assignments of error: (1) in so far as the decree overrules the demurrer to the bill as amended as a whole; (2) in so far as the demurrer is addressed to that aspect of the bill as amended which seeks an accounting in paragraph A; and (3) in so far as it is addressed to that aspect set out in paragraph B in respect to the cattle transaction.

If either aspect of the bill is free from any ground of demurrer addressed to the bill as a whole, the demurrer to the bill as a whole was properly overruled.

In respect to that aspect of the bill set up in paragraph A, which seeks an accounting, we find the principles well settled in Alabama. Without reference to a discovery, or other relief peculiar to equity, that court will not sustain a bill for accounting unless there are mutual accounts between them; or, if not that, they are so complicated and difficult to adjust that relief at law is not adequate; or fiduciary relations exist between the parties. Marx v. Marx, 226 Ala. 684, 148 So. 418; Comer v. Birmingham News Co., 218 Ala. 360, 118 So. 806; Dewberry v. Bank of Standing Rock, 227 Ala. 484, 150 So. 463; Rochell v. Oates, 241 Ala. 372, 2 So.2d 749; Buck Creek Cotton Mills v. Stokely, 236

Ala. 146, 181 So. 100; City of Mobile v. McCown Oil Co., 226 Ala. 688, 148 So. 402.

██ Mutuality is where each of the parties has an account against the other, Rochell v. Oates, supra; Marx v. Marx, supra, as where each party has given credit to the other on the faith of indebtedness to him, 1 Corpus Juris Secundum, Accounting, § 18, p. 651; or each party has a demand or right of action against the other. It is not mutual where it consists of items on one side and payments merely on the other. 1 Corpus Juris Secundum, Accounting § 18, p. 654. And it is not "complicat-.ed" merely because it involves a large number of items. Meyrovitz v. Watford, 235 Ala. 163, 177 So. 887; Gayle v. Pennington, 185 Ala. 53, 64 So. 572.

██ It is quite apparent that in paragraph A of the amended bill, mutual accounts are alleged, as defined supra. It sets up a claim by complainant for work and labor done under contract which has not been paid for; and an account for corn and hay which he furnished respondent at his request to feed his livestock, for which he was to be paid but which has not been paid; and a claim that respondent has sold the cotton grown by complainant and his tenant, and owes complainant for its value; and, on the other hand, that respondent has a claim against complainant for rent and advances made by respondent to him to make and gather the crop. It also shows that complainant did not keep books of such transactions, but that respondent did so; that complainant does not know the details or items involved but they are known by respondent who has refused to furnish complainant with a statement of them, and he has no way of determining the amount except by an accounting in equity.

·It is our view that the demurrer was properly overruled in so far as it is addressed to that aspect of the bill which seeks an accounting set·up in paragraph A.

██ It is also specially directed to paragraph B of the bill as amended.

That aspect of the bill sets up facts by which, as to certain cattle named in it, the relation of a joint adventure was created.

Saunders v. McDonough, 191 Ala. 119, 67 So. 591; Pfingstl v. Solomon, 240 Ala. 58, 197 So. 12; Elledge v. Hotchkiss, 222 Ala. 129, 130 So. 893. But the same remedy exists in equity for an accounting as where there is a partnership. Hill v. Hill, 208 Ala. 659, 95 So. 29; Saunders v. McDonough, 191 Ala. 119, 67 So. 591; Id., 201 Ala. 321, 78 So. 160; Lunsford v. Shannon, 208 Ala. 409, 94 So. 571; Zingelmann v. Turner, 235 Ala. 102, 177 So. 627; Kornman v. Raskin, 237 Ala. 490, 187 So. 709. That aspect of the bill invokes an equitable remedy by one joint adventurer against the other.

It was also a proper matter to enter into the computation necessary for the accounting sought in paragraph A. And it tended to show that there was a mutuality of accounts and claims between them.

We do not think there was error in the decree on account of any contention here made.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.