35 So.2d 489

## MOODY v. HEADRICK.

### 6 Div. 699.

Supreme Court of Alabama.

May 20, 1948.

Kilpatrick & Entrekin, of Cullman, for appellant.

Earney Bland, of Cullman, and S. A. Lynne, of Decatur, for appellee.

FOSTER, Justice.

The question here is the sufficiency against demurrer of the bill as amended by appellant against appellee. On former appeal (247 Ala. 455, 25 So.2d 137), this Court held that the demurrer to the bill as then set up was properly sustained because there was an adequate remedy at law and no equitable right to relief was shown. Reference is made to the report on the former appeal for the facts set up in the original bill. The amendment alleged in substance that the partnership affairs have not been settled by reason of the repudiation as shown in paragraphs three and four of the original bill. The only repudiation there set up is the failure of respondent to deliver a truck sold to complainant by respondent as a part of the sale to complainant of the coal business of the partnership and the collection by respondent of $203.32, the amount of a check belonging to complainant, which was intercepted and collected by respondent.

Any such conduct does not give rise to an equitable cause of action as held on former appeal. The written agreement of the parties was complete, and a failure to perform it, or an express repudiation of it, does not create a remedy in equity as to such personal property. His only remedy is to enforce the contract by a suit at law for the truck and for the $203.32. The written contract shows an intention for the legal title of the truck to pass to complainant at that time. Therefore sections 24 and 25, Title 57, Code, give effect to that intention, and the title then and there passed to complainant without a delivery. Hyatt v. Reynolds, 245 Ala. 411, 17 So.2d 413.

When complainant has the legal title there is and can be no trust in his favor. He is both the legal and beneficial owner, which gives him no standing in equity without some other equitable right. If the respondent still has the possession of the property, he is liable to an action for its recovery, or if he has disposed of it for its value, and damages for the taking and detention of the property. Section 919, Title 7, Code.

The amended bill also alleges that in the purchase of the truck respondent took title in himself when it should have been in them jointly, and that the legal title was in respondent at the time of the filing of the bill. But this allegation is contra-

dicted by the written agreement made an exhibit to the original bill, in which respondent "sells, transfers, and conveys all his interest in said trucks to the said" complainant. Such stipulation in the exhibit takes precedence over the allegation of the bill that the legal title remains in the respondent. Lavretta v. First Nat. Bank, 235 Ala. 104, 178 So. 3.

The other allegations of the amendment relate to the claim of a trust existing in respondent to the use of complainant in the truck, and that a collection by him of the check was an abandonment and repudiation of the contract.

But, as we have said, such conduct only gives rise to an action at law to enforce his legal title to the truck and to collect the amount of money alleged to have been improperly appropriated. The truck was sufficiently described in the written agreement to pass the title. 55 Corpus Juris 194, section 148.

The decree sustaining the demurrer was proper, and it is affirmed.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY. JJ., concur.