44 So.2d 247
FARR v. SOUTHERN SUPPLY CO.
5 Div. 482.
Supreme Court of Alabama.
Feb. 9, 1950.

282

D. T. Ware, of Roanoke, for appellant.

Morgan S. Cantey, of West Point, Ga., and John W. Johnson, Jr., of Lanett, for appellee.

SIMPSON, Justice.

This is an appeal from a decree overruling demurrer to the bill and the question is whether the bill makes a case for equitable accounting.

■ Our view is that it does under the rule that equity will entertain jurisdiction to settle mutual accounts, as well as on the principle that equity will settle complicated accounts.

■ The case of Doss v. Williams, 249 Ala. 565, 567, 32 So.2d 221, 222, is authority. It is said in that case:

"Mutuality [warranting accounting in equity] is where each of the parties has an account against the other * * * as where each party has given credit to the other on the faith of indebtedness to him * * * or each party has a demand or right of action against the other. * * *"

That status prevails as regards the facts alleged. Each party has a demand against the other. The bill shows the defendant to be indebted to the plaintiff on certain accounts, and vice versa.

■ Likewise, we think the right to come into equity could well be rested on the principle of jurisdiction to settle complicated accounts. A party is entitled to an equitable accounting, notwithstanding the nonexistence of other grounds, "where the accounts are all on one side, but there are circumstances of great complication, or difficulties in the way of adequate relief at law." Comer v. Birmingham News Co., 218 Ala. 360, 361, 118 So. 806, 807.

This Comer case also quotes approvingly from Pomeroy that: "The facts of each particular case should govern and if it is doubtful whether adequate relief could be obtained at law, equity should entertain jurisdiction." 218 Ala. 362, 118 So. 807.

■ The facts alleged bring the bill well within the stated principle. The net profits to be divided by the parties consist of gross sales price on scores of items, less (1) cost of goods sold, (2) one per cent of gross sales, and (3) freight, delivery and warehouse costs. The bad debts for which the defendant owed fifty per cent are to be reduced by recoveries on these accounts, after deduction of collection costs; provision must also be made for bad debt recoveries after the rendition of the decree, otherwise the defendant would face the possibility of having to sue to settle the bad debt account should there be later recoveries.

We do not think equity should deny jurisdiction. Much the same situation prevailed in the Comer case, supra, where Chief Justice Anderson observed: "We think the bill shows such a complicated state of affairs in the account as to render it necessary and proper that it should be stated by a trained master, register, or accountant, rather than a common-law jury; that it can be more expediently and satisfactorily adjusted by a court of equity; and that, while the remedy at law may exist, it is not adequate or practical. Indeed, it strikes us that both sides should prefer an adjustment and statement by a trained accountant rather than the delay and difficulty that would arise in having the matter adjusted by the ordinary jury. * * * "—218 Ala. 362, 118 So. 807.

The trial court must be sustained in the decree overruling the demurrer.

Affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.