50 So.2d 235

## WRIGHT v. SADDLER.
### 8 Div. 578.

Supreme Court of Alabama.

Feb. 1, 1951.

Bradshaw & Barnett and Elbert B. Haltom, all of Florence, for appellant.

Mitchell & Poellnitz, of Florence, for appellee.

SIMPSON, Justice.

Appeal from a decree overruling demurrer to a bill for equitable accounting. We hold the bill good against the demurrer.

The argument that the bill lacked equity seems to be rested on a strict construction of the allegations of the bill alone, without taking into consideration the exhibits. The rule is, however, that in determining the sufficiency of the allegations, the recitations in the exhibits to a bill are read into and made a part of the bill, Autauga Co-op Leasing Ass'n v. Ward, 250 Ala. 229, 33 So.2d 904; and when the averments of the bill are contradictory to the exhibits, the recitals in the exhibits take precedence and control. Moody v. Headrick, 250 Ala. 590, 35 So.2d 489; McGowin v. Cobb, 249 Ala. 561, 32 So.2d 36.

Under this rule of interpretation the bill, with exhibits, substantially shows: The complainant was engaged in farming enterprises during the year 1949 and in the fall of the year delivered to appellant (defendant), who operated a cotton gin and store, his cotton to be ginned. In December, when the complainant demanded his cotton, offering to pay the ginning charges and any other account he might owe, the defendant refused to deliver the cotton, claiming he was holding same for an account due him by complainant and complainant's father for goods and monies furnished them during that year. In March, 1950, defendant wrote complainant and his father a joint letter confirming this fact, advising them that he had sold the cotton and applied the greater portion of the proceeds to the payment of what he claimed to be their debt to him, and tendered a small balance as the difference between the two accounts. This letter is Exhibit A to the bill. Thereupon the complainant demanded an accounting from the defendant and the defendant submitted a statement, made Exhibit B to the bill, of a joint account against complainant and his father. Thus from the bill and exhibits it appears the defendant was claiming the cotton to be owned jointly by the complainant and his father and that the account he claimed to be due him was likewise owed jointly by father and son.

The bill makes a case for equitable accounting to settle mutual accounts under the rule of our cases. Doss v. Williams, 249 Ala. 565, 567, 32 So.2d 221, 222; Farr v. Southern Supply Co., 253 Ala. 281, 44

So.2d 247. These cases affirm the general principle that: Mutuality (warranting accounting in equity) is where each of the parties has an account against the other, as where each party has given credit to the other on the faith of indebtedness to him, or each party has a demand or right of action against the other. Such is the fair interpretation of the allegations of the bill, in connection with the exhibits.

We deem it unnecessary to enter into a discussion of the refinements of the principle, as discussed in 1 C.J.S., Accounting, 652, and as noticed in appellant's brief, relative to disconnected, opposing demands of a different nature, remote from each other in point of time, as not creating mutual accounts, since that status does not prevail here. The business alleged to have existed between the parties appears to have been sufficiently connected and interrelated as to come within the approved rule and to give the bill equity. Here the complainant admits he owes the defendant an account for monies and goods furnished him for the crop year by the defendant, and defendant admits the complainant has an account against the defendant for the amount of his converted cotton, less the ginning charges, etc., but the defendant claims the cotton to be owned both by the complainant and complainant's father, which defendant is presumably holding under the furnishing account which he also claims to be due jointly by the complainant and his father, though the account he submitted to them did not separate the items to indicate the amount of indebtedness he claimed against the complainant and the amount he claimed to be owing by complainant's father.

Every case must be controlled by its own particular facts, depending on considerations of convenience and adequacy of remedy, and our view is that the situation described shows such a status between the parties as is cognizable in equity for the settlement of mutual accounts. See also Tolleson v. Henson, 207 Ala. 529, 93 So. 458; 1 C.J.S., supra, § 18(2).

■ We pretermit determination of the right of equitable intervention on the theory of settling complicated and confused accounts, since the equity of the bill seems to be well rested on the other ground, supra. It is to be observed, though, that it might be more expeditious and conduce to greater efficiency to have the account settled in equity under the latter theory, since the defendant is claiming the ownership of the cotton to be in the father and the son, and the account which has not been separated as to individual debtors is claimed to be due by both father and son. This might induce the judicial mind to the conclusion that it would be a cumbersome proposition for a jury to unravel the disputed claims and adjust and state a proper account between the parties. If so, equity could probably take jurisdiction under such conditions, since it will do so in such cases, "if the facts create a reasonable doubt as to whether adequate relief might be obtained at law." City of Mobile v. McCown Oil Co., 226 Ala. 688, 148 So. 402(3), 404, citing Comer v. Birmingham News Co., 218 Ala. 360, 118 So. 806; Crichton v. Hayles, 176 Ala. 223, 57 So. 696; Ingram v. People's Finance & Thrift Co., 226 Ala. 317, 146 So. 822.

■■ One further contention: On information and belief, the complainant alleges the amount he thinks to be owing defendant, but that he is unable to ascertain the true amount either from the account furnished by the defendant to himself and his father or from any other source, and calls on the defendant to itemize and specify the exact amount it is claimed he individually owes the defendant, and also the amount the cotton was sold for, less the ginning charges and any other indebtedness which the defendant might claim he owes. This feature in the nature of a discovery in aid of the primary equity is also claimed to render the bill demurrable. We likewise must resolve this contention against the appellant, since the discovery here sought is merely in aid of the main equity and is not controlled by the same principles which control an independent bill for discovery. The bill otherwise having equity, a defendant may be called upon to disclose matters in aid of the main equity which are relevant to the issue and legally admissible as evidence. Shelton v. Timmons, 189 Ala.

289, 66 So. 9. City of Mobile v. McCown Oil Co., 226 Ala. 688, 148 So. 402, is not inconsonant with this principle, since in that case the right to have equity take cognizance of an accounting was rested on a necessity for a discovery, discovery being the primary equity involved; therefore the right thereto was controlled by those principles which determine the equity of an independent bill for discovery.

The ruling below must be sustained.

Affirmed.

FOSTER, LAWSON, and STAKELY, JJ., concur.