80 So.2d 726

**W. M. WESTBROOK, Jr., et al.**

v.

**INGLENOOK FIRST METHODIST CHURCH et al.**

6 Div. 747.

Supreme Court of Alabama.

April 14, 1955.

Rehearing Denied May 26, 1955.

Hugh A. Locke, Hugh A. Locke, Jr., and M. B. Grace, Birmingham, for appellants.

Bennett T. Waites, Jr., Birmingham, for appellees.

SIMPSON, Justice.

This is a bill by the Inglenook First Methodist Church, its Trustees and Board of Stewards, against Westbrook, its former treasurer; Harmon, ex-chairman of the Board of Stewards; and Williams, its ex-pastor. The bill is for an accounting and discovery.

At the outset it is proper to observe that the record and briefs disclose considerable discussion by counsel and the trial judge of the Doctrine and Discipline of the Methodist Church, which we are informed embodies the law governing complainant church. But this document is not a part of the record before us, so we are not informed of its contents. It cannot, therefore, have any persuasive bearing on the case.

We are informed by the allegations of the bill, however, that the Inglenook First Methodist Church is a local unincorporated religious association; that it is governed by the laws set out in the document referred to above; and that under these laws the Quarterly Conference is the "proper authority" to authorize the institution of legal proceedings by a local church. The bill alleges that the Conference has authorized the court proceeding and the resolution purporting to have done so is made an exhibit to the bill. This exhibit reveals that the Quarterly Conference authorized the church to proceed as necessary "to obtain all of the records and

information pertaining to the building fund to the Inglenook First Methodist Church, the general assessment fund, and any other monetary transactions involving funds of the Inglenook First Methodist Church * * *" It is argued by the respondents that this does not authorize a bill for an accounting, but in the light of the circumstances in which it was adopted we entertain the view that the record can be fairly construed as warranting the stated action. The bill alleges that the respondents, individually and collectively, have had custody and control of all monies of the church over a period of years, which monies included a $125,000 building fund. It is alleged that church property has been diverted to their private uses and that large sums were misused and mishandled and that the respondents have failed to render an accounting even though the respondents now have no official connection with the organization. In Tolleson v. Henson, 207 Ala. 529, 531, 93 So. 458, 459, this court quoted approvingly from 25 Corpus Juris 1119 as follows:

" 'A fiduciary relation exists in all cases where there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing the confidence.' " See, also, 36 C.J.S., Fiduciary,

At another point in that same authority, 1 Corpus Juris 621, § 68, we find the following:

"Courts of equity have jurisdiction over all trusts for the purpose of compelling an accounting, and the existence of any confidential or fiduciary relation is sufficient to invoke such jurisdiction whenever the duty arising out of such relation rests upon one of the parties to render an account to the other." See, also, 1 C.J.S., Accounting, § 19.

We think the bill instantly considered meets that test and that the complainants have shown a right to an accounting.

See our cases of Miller v. Smoot, 238 Ala. 14, 189 So. 67; First National Bank of La Pine v. Bradley, 223 Ala. 22, 134 So. 621; Phillips v. Birmingham Industrial Co., 161 Ala. 509, 50 So. 77; Hall v. McKellar, 155 Ala. 508, 46 So. 460; Halsted v. Rabb, 8 Port. 63; Doss v. Williams, 249 Ala. 565, 32 So.2d 221.

Since the bill for an accounting has equity, discovery will be allowed as an incident thereof.

The decree, therefore, overruling the demurrer to the bill was well founded and will be affirmed.

Appellants also assign as error the decree which held respondents' pleas to be insufficient. That decree, however, is not appealable nor is it subject to assignment of error on the present appeal from the interlocutory order overruling the demurrer to the bill. Bullen v. Bullen, 231 Ala. 192, 164 So. 89.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.

On Rehearing.

PER CURIAM.

It is argued on rehearing that the court should have considered appellants' petition for alternative writ of mandamus prayed for on submission of the cause which sought to review the decree of the lower court which held the appellants' so-called plea in abatement to the bill as last amended insufficient. The court entertained the view and still does that the status disclosed by the instant record is not controlled by that considered in Ex parte Morton, 261 Ala. 581, 75 So.2d 500, but that the matters pleaded should properly be considered on appeal from a final decree.

Rehearing denied.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and MAYFIELD, JJ., concur.